## SAMUEL B. WHEELOCK *v.* JOHN McGEE AND MICHAEL McGEE.

ERRORS NOT EXCEPTED TO.—Errors to which no exception was taken in the court below, will not be considered on appeal.

PLEAS RAISING NO NEW ISSUES STRICKEN OUT.—Pleas which raise no new issue, and present no matter of defense which could not be given in evidence under the general issue already pleaded, may be stricken out.

INSTRUCTIONS PRESUMED IN ACCORDANCE WITH EVIDENCE, WHEN.—Where the transcript on appeal contains none of the evidence, the instructions in the court below will be presumed to have been in accordance with the evidence in the cause.

APPEAL from the district court for the county of Santa Fe. The opinion states the case.

*J. S. Watts,* for the defendants and appellants.

*Elkins and Catron,* for the plaintiff and appellee.

By Court, JOHNSON, J.:

At the July term, 1871, of the district court for Santa Fe county, appellee sued appellants on promissory notes, for the sum of four hundred and fifty-three, three hundred and four, and one hundred and nine dollars, respectively, for four thousand dollars, for goods, wares and merchandise, and moneys, sold, delivered, and paid by appellee to appellants; for other moneys paid by appellee to appellants, two thousand five hundred and eighty-four dollars and eighty-six cents; and also for breach of contract by appellants in writing to furnish materials and build a house for appellee; appellee praying judgment for damages in five thousand dollars, with interest and costs of suit.

To the petition defendants (appellants) pleaded seven pleas in the court below: 1. *Non assumpsit* to the general counts. 2. *Actio non* to the entire petition. The third, fourth, fifth, sixth, and seventh pleas were stricken from the files by order of the court below, on motion of the plaintiff (appellee), for the following alleged reason in the motion: 1. Because said pleas are substantially the same, and present no new matter of defense, and tender no new issue; 2. Because said pleas present no defense that can not be taken advantage of under the general issue; 3. Because said pleas are frivolous, vague, uncertain, indefinite, and not responsive to plaintiff's petition.

Upon the issue joined at the February term, 1872, of the court below, a jury found for the plaintiff damages in four thousand six hundred and forty-eight dollars and eighty cents; and the court gave judgment against defendant for said sum and costs of suit.    From this judgment defendants appeal.    Appellants here assign the following as errors of the court below: 1. The court below erred in sustaining the motion of the plaintiff to strike out the third, fourth, fifth, sixth, and seventh pleas of defendants to said petition. 2. The court in the instructions given to the jury in the court below erred in the giving of them, and misled the jury from their proper duty of deciding for themselves on the weight of evidence and the amount of damages to be found under that evidence.    3. The court erred in not of its own motion setting aside the verdict and granting a new trial on account of the excessive amount of damages found, and upon their face appearing outrageously excessive from the facts set forth on the record.

As no exception was taken in the court below to the errors alleged in the second and third paragraphs of this assignment, and that alleged in the first paragraph is the only one referred to this court by bill of exception, this latter is the only one we are required by law and the rules of this court to consider.    The first and second pleas of the appellants traversed and put in issue substantially the allegations of the petition, and the second plea, moreover, alleged matter of defense or answer on the merits; the third,

fourth, fifth, sixth, and seventh were made as special pleas
to the count of the petition which alleges the breach of the
written agreement of the appellants to build a house for the
appellee and furnish materials; but they raised no new issue
nor contained any matter of defense or answer upon the
merits, that could not be lawfully shown under the general
issue.   In fact, these last-mentioned pleas are repetitions
more or less of the subject-matter of each other, the varia-
tions being rather in bulk than in quality.   In striking out
these pleas, the court below acted in accordance with the
well-settled rule of pleading made for the purpose of con-
fining litigants on the trial to legitimate issues.

The transcript of the record of the court below contains
nothing in the way of evidence to show this court that the
court below erred in the instructions to the jury (even if
they had been excepted to), and the presumption is that the
instructions were in accordance with the evidence in the
cause.   Nor does the transcript show that the court below
violated the provisions of the statute, that "motions for
new trial and in arrest of judgment shall be entertained,"
and the action of the court below in the matters left by law
to its discretion is not reviewable by this court.

Judgment of the court below affirmed.