JENKINS *v.* VINCENNES BRIDGE COMPANY.

[No. 12,099.    Filed March 20, 1925.]

1. APPEAL.—*Erroneous instruction as to burden of proof cured by another instruction.*—An erroneous instruction as to the burden of proof being on the plaintiff instead of on the defendant, the latter having filed affirmative paragraphs of answer to which plaintiff replied by general denial, was cured by the court giving an instruction that if defendant proved all the material allegations of said answers, it would not constitute a defense to the action.    p. 573.

2. APPEAL.—*Instruction presumed to have correctly stated the law relevant to the evidence introduced, when evidence is not in record.*—Where the evidence is not in the record, it will be presumed that instructions correctly stated the law relevant to the case as shown by the evidence.    p. 573.

From Knox Circuit Court; *Thomas B. Coulter*, Judge.

Action by Mabel Jenkins against the Vincennes Bridge Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*A. J. Stevenson*, for appellant.

*Emison & Hoover* and *Seymour Riddle*, for appellee.

NICHOLS, J.—Action by appellant for damages because of personal injuries suffered by appellee, as averred in the complaint, as a result of appellee's negligence in failing to maintain a proper barrier across a highway while it was, under a contract with the board of commissioners of Morgan county, constructing a bridge in the highway. It is averred that, because of the absence of the barrier, appellant was driven into the chasm or opening and thereby injured.

To the complaint, in two paragraphs, there was filed an answer in three paragraphs, a denial and two affirmative answers, each of which averred that appellee was employed by Morgan county, that it was the agent of said county, and that since the county was not liable for its torts, neither was appellee liable. There was no demurrer to these paragraphs of answer, but appellant replied thereto in denial.

There was a trial by jury which resulted in a verdict for appellee, upon which, after appellant's motion for a new trial was overruled, judgment was rendered. The error assigned is the action of the court in overruling the motion for a new trial, the reasons for which, so far as presented in this court, were that the court erred in giving each of certain instructions. By instruction No. 5 given by the court on its own motion, the court instructed the jury, inadvertently no doubt, that the reply in denial to the affirmative paragraphs of answer cast the burden upon the plaintiff (instead of defendant) to prove the material allegations of such answers. The court, however, by instruction No. 5 tendered by appellant, fully and clearly instructed the jury that if all the material allegations of the affirmative answers were proven, still appellee could not claim immunity from liability for its negligent acts. This instruction, in effect, eliminated the affirmative paragraphs of answer and rendered the

erroneous instruction harmless. Numerous other instructions are challenged, but the evidence is not in the record, and we can readily suppose a state of the evidence that would justify each instruction challenged. Under such circumstances, it is presumed that the instruction given correctly stated the law as pertinent to the evidence. *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 383, 114 N. E. 869.

The judgment is affirmed.

Dausman, C. J., concurs in results.