392 P.2d 620

**PORCUPINE RESERVOIR COMPANY,**
a corporation, Plaintiff and Respondent,

v.

**LLOYD W. KELLER CORPORATION,** a
corporation, Avon Land & Livestock Co.,
a corporation, H. A. Summers and Clella
Summers, his wife, et al., Defendants and
Appellants.

No. 9961.

Supreme Court of Utah.

June 3, 1964.

Walter G. Mann, Reed W. Hadfield, Brigham City, for defendants and appellants.

E. J. Skeen, Salt Lake City, for plaintiff and respondent.

WADE, Justice.

The Porcupine Reservoir Company, a private corporation, the plaintiff below and respondent herein, brought this action to condemn certain lands for the construction of a reservoir. The lands condemned were three separate parcels belonging to three separate interests, i. e., The Lloyd W. Keller Corp., The Avon Land & Livestock Co. and the Summers, who are the appellants herein. The respondent brought but one complaint for the taking of the various parcels belonging to the separate interests. The appellants being dissatisfied with the damages or compensation awarded bring this appeal seeking to have the judgments vacated and new trials granted.

Appellants contend (1) that the court erred in refusing separate trials for each of them; (2) requiring appellants to waive interest for the time elapsed between the trial date and the date to which the trial was postponed at the request of appellants; and (3) in refusing to grant new trials and instead granting an additur in two cases where the jury had awarded a sum less than testified to by any witness for severance damages.

As to (1) the record does not disclose any request for separate trials by any of the appellants nor does it disclose any objection to the court's decision to try the matter in one trial even though different parcels and different interests would be affected. In view of the fact that the record discloses no request for separate trial nor any objection made to trying all the interests in one trial, this court will not review an alleged error which the trial court was given no opportunity to correct. As this court stated in Pettingill v. Perkins:[1] "* * * Generally, appellate courts will not review a ground of objection not urged in the trial court. 3 Am.Jur. 116, Appeal and Error, 381. The duty is encumbent upon counsel to give the trial court the opportunity to correct the error before asking the appellate court to reverse a verdict and judgment thereon. * * *" However, it is to be noted that under Rule 42, U.R.C.P.[2] under circumstances such as existed here it is within discretion of the trial court to combine cases for trial or to grant separate trials.

---

1. Pettingill v. Perkins, 2 Utah 2d 266, on page 269, 272 P.2d 185, on page 186; 5 Am.Jur.2d Appeal and Error, Sec. 545.

2. 9 U.C.A.1953, Rule 42 U.R.C.P. and Annotations.

**320**

(2) From the record it appears that not only did appellants fail to object to the granting of a postponement of the trial upon condition that interest be waived between the elapsed time from the trial date to the date to which appellants requested a postponement but agreed that such should be the condition. Under such circumstances appellants cannot now come and claim prejudicial error.[3]

(3) The court predicated its denial of appellants' motion for a new trial on respondents accepting additurs to severance damages granted by the jury to the Avon Land & Livestock Co. and to the Summers. Respondent agreed to the additurs. It is appellants' contention that the court abused its discretion in refusing to grant a new trial and conditioning its refusal upon respondents accepting additurs in amounts the court was of the opinion would coincide with lowest estimates of such values testified to by any witnesses. Appellants contend that because the awards for severance damages to the lands of the Avon Land & Livestock Co. and the Summers were lower than would be warranted by the testimony of any witness it is apparent that the jury were either influenced by passion and prejudice or misunderstood the instructions in making such awards.

Granting or denying a new trial is largely in the discretion of the trial court.[4] Here the trial court clearly indicated that in his opinion the jury verdict was less than the smallest amount which the jury could reasonably award under the evidence by granting an additur to two defendants. A careful study of the record before us, (some parts of the evidence is not before us) indicates that the jury verdicts were unusually small, suggesting passion or prejudice or a misunderstanding of the law or facts presented. Under these circumstances we conclude that the interest of justice requires that this proceeding be remanded for a new trial as to all defendants.

It is so ordered. Costs to appellants.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

3. Paul v. Kirkendall, 1 Utah 2d 1, 261 P.2d 670.

4. See note 1.