416 P.2d 516

Rebecca Jean SCOTT, a Minor, by her Guardian, Tom Donaghe, and Tom Donaghe, Individually, Plaintiffs-Appellants,

v.

Robert L. BROWN, Jimmie Ellers and George A. Wood, Defendants-Appellees.

No. 7899.

Supreme Court of New Mexico.

July 11, 1966.

502

---

Leonard T. May, Carlsbad, for appellants.

Atwood & Malone, Bob F. Turner, Russell D. Mann, Roswell, for appellee, Robert L. Brown.

Norton & Ingraham, Lovington, for appellees, Jimmie Ellers and George A. Wood.

## OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

The plaintiffs filed suit for damages for personal injuries to the minor plaintiff and for medical and hospital expenses incurred and to be incurred by her grandfather, the other plaintiff, in her care and treatment as a result of the personal injuries she sustained. The minor plaintiff sustained these injuries as a result of a collision between her person and a pick-up truck being driven by defendant Robert L. Brown, on Center Street just east of the city limits of Carlsbad, New Mexico.

The case was tried to a jury, the jury returned a verdict in favor of all the defendants, judgment was entered on the verdict, and the plaintiffs have appealed therefrom.

By their praecipe the plaintiffs called for certain designated portions of the record, and by a separate "Praecipe for Bill of Exceptions" called for the following:

"1. A true and photographic copy of Instruction No. 9½ given the Jury by the Court in this cause.

"2. A transcript of the record of Plaintiffs' objections and exceptions to Instruction No. 24 given by the Court.

"3. A true and photographic copy of said Instruction No. 24.

"4. True and exact copies of the forms of verdicts submitted to the Jury by the Court, upon the same weights of paper and typed in the same manner as said verdicts were prepared."

Their points relied upon for reversal are stated as follows:

"1. That the Court erred in giving the Jury the Court's Instruction No. 9½ endorsed as 'given' with the Court's signature thereon, singularly and particularly emphasizing said instruction on unavoidable accident. That this instruction with such endorsement was prejudicial to Plaintiffs' rights to a fair and impartial trial.

"2. That the Court erred in giving the Jury the Court's Instruction No. 24, over Plaintiffs' objections, which in

effect directed the Jury to excuse the truck driver's negligence 'for any other reason' and was prejudicial to Plaintiffs' rights to a fair and impartial trial.

"3. That the Court erred in submitting forms of verdict to the Jury with an original form of verdict on bond paper in favor of all Defendants and against both Plaintiffs, and the other six forms of verdict on onionskin paper and in part carbon copies of the original form of verdict in favor of the Defendants, prejudicial to Plaintiffs' rights to a fair and impartial trial."

The defendants filed a counter-praecipe seeking inclusion in the transcript of all the evidence, including the exhibits, introduced at the trial. Plaintiffs filed a motion resisting the inclusion of the evidence called for by the counter-praecipe upon the grounds that such would constitute "an unjustified encumbering of the record with burdensome matters that are wholly irrelevant and immaterial to the issues of Plaintiff-appellants' appeal."

The trial court sustained plaintiffs' motion, and consequently none of the evidence is before this court. As already stated, only designated portions of the record proper are here, and the only record of other proceedings had in the court below, which is before us, is a record of the plaintiffs' exceptions to the court's Instruction No. 24 and a brief record of the proceedings which transpired at the hearing on plaintiffs' motion in opposition to the counter-praecipe.

The defendants, Jimmie Ellers and George A. Wood, have filed a motion to dismiss the appeal for failure of plaintiffs to follow proper appellate practice, and particularly because plaintiffs' argument under their Point II, which is an attack on the court's Instruction No. 24, necessitates a review of the evidence, which is not included in the transcript.

Whatever merit there may be to the motion to dismiss the appeal can properly be considered in passing upon plaintiffs' points relied on for reversal, and in particular in passing on Point II. For this reason, the motion is denied and we pass to the appeal.

Because plaintiffs' Points I and III do not concern themselves with the correctness of the substance of the court's Instruction No. 9½ and the forms of verdicts, but only with the particular manner and form in which they were given to the jury, and because these points relate to all three defendants, whereas Point II relates only to defendants Ellers and Wood, we shall first consider Points I and III.

The court's Instruction No. 9½ is on unavoidable accident. No exception was taken or objection made thereto. It seems the trial court had intended to give the instruction, but on the original copy had erroneously written "refused" and had

signed his name just below the word "refused." It does not appear from the record which party or parties may have tendered this instruction as a request. In any event, the court struck the word "refused" by drawing two lines through the same, and then wrote immediately to the right thereof the word "given."

The court, in so marking the requested instruction, was complying with Rule 51(b), Rules of Civil Procedure, § 21–1–51(b), N.M.S.A. 1953.

This instruction, along with all the other instructions of the court, were read to the jury, and then, either at the request of the plaintiffs, or at least with their concurrence, all the instructions, including No. 9½, were permitted to be taken by the jury to the jury room when they retired to deliberate. Plaintiffs' position now is that they did not know the original copy with the words and markings thereon was the copy being sent to the jury room. They contend such written matter thereon, when considered with the claimed irregularity in the forms of verdict, constituted an irregularity of such gravity as to have "undoubtedly created the impression upon the jury that the court indicated a verdict in favor of all defendants and against all plaintiffs." In support of his position he has cited as his authorities 88 C.J.S. Trial, § 340, and Terry v. Biswell, 66 N.M. 201, 345 P.2d 217.

These cited authorities stand for the proposition that instructions, which unduly emphasize, by repetition or by singling out and making unduly prominent, any portion of the case or of the applicable law, should not be given, and if such instructions are given and the emphasis is of such nature that a party is prejudiced thereby, then such constitutes reversable error. With this we agree.

Unquestionably, the proper practice is to submit all instructions in such form and manner as to assure, insofar as possible, that no particular instruction, or portion thereof, is unduly emphasized. However, absolute uniformity in the manner and form of presenting instructions to the jury is seldom attained. This is one reason why juries are given, as was the jury in this case, certain instructions concerning their province as the sole judges of the facts, their duty to follow the law as given them by the court, and that they must not select or single out any particular instruction, or portion thereof, but must consider all of the instructions, as a whole, in reaching their verdict.

The court made it clear that he was instructing on all the law applicable to the facts in the case, that all the instructions were being given by the court, and that the jury should consider all the instructions in arriving at a verdict. He signed his name at the end of the instructions.

We cannot agree that the jury disregarded the express instructions of the court, and, because of the words written on this particular instruction, gained the impression that the court was indicating a verdict should be returned for defendants. A like argument was made and rejected by this court in the case of New Mexico-Colorado Coal & M. Co. v. Baker, 21 N.M. 531, 157 P. 167, wherein two instructions were given to the jury which were signed by plaintiffs' attorney.

In the case of State v. Kelly, 73 Mo. 608 (1881), the appellant's argument, although for a somewhat different reason, was very similar to that here urged upon us. In the Missouri case it was contended:

"* * * The court, by printing that portion of the instructions which made most strongly against the defendants, gave undue emphasis and prominence to that part. Clear, punctuated print in the midst of ordinary writing, undoubtedly arrests and holds the attention. This was error. * * *"

In disposing of this contention, the Missouri court stated it was too frivolous for comment.

The plaintiffs have the burden of demonstrating that they were prejudiced by the claimed error. Tevis v. McCrary, 75 N.M. 165, 402 P.2d 150. It is our view that they have not met this burden, and that the error was harmless. An appellate court does not correct harmless error. Irwin v. LaMar, 74 N.M. 811, 399 P.2d 400.

Plaintiffs' third point is that they were prejudiced because six of the seven forms of verdicts submitted to the jury were on onionskin paper and in part carbon copies, whereas the form of verdict in favor of defendants was in ribbon copy on bond paper.

The record demonstrates that in the preparation of the forms of verdicts an original and six carbon copies were prepared by setting forth the style and number of the case followed by the words "Verdict of the Jury." The seven pages bear identical margin lines and appear very much alike, except the six carbon copy pages are lighter weight paper.

Upon the original and below the words "Verdict of the Jury" the following appears:

"We, the Jury, find the issues in favor of all the defendants and against all the plaintiffs.

_____

Foreman"

This is the form of verdict which was returned by the jury.

The other six forms of verdicts were prepared separately, except as already noted above, and the typing thereon, after the words "Verdict of the Jury," is ribbon copy and not carbon copy. These six forms of verdicts are in favor of one or both of the

plaintiffs and against one or more of the defendants.

On all seven forms the typing thereon, both the ribbon and carbon copy, is bold and plainly legible.

■ The plaintiffs first questioned the forms of verdicts in their motion for a new trial. Their objections then, as now, went only to the facts of a difference in the weights of the paper and that a portion of the typing on six of the forms was carbon copy rather than ribbon copy. The motion for a new trial was overruled. The granting or denial of a motion for a new trial rests within the discretion of the trial court and will be reviewed only for a clear abuse of that discretion. Cienfuegos v. Pacheco, 56 N.M. 667, 248 P.2d 664. We find no abuse of discretion by the trial court in overruling the motion.

■ If plaintiffs felt they were being prejudiced by the conduct of the court in submitting these forms of verdicts to the jury, it was their duty to call such to the attention of the trial court so that the court might have corrected or avoided the claimed error. See Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231; City of Portales v. Shiplett, 67 N.M. 308, 355 P.2d 126; Little v. Whitehouse, 384 S.W.2d 503 (Ky.Ct.App. 1964); Porcupine Reservoir Company v. Lloyd W. Keller Corp., 15 Utah 2d 318,

392 P.2d 620; Tillery v. Ellison, 345 P.2d 434, (Okl.1959).

■ Parties cannot participate in the submission of an improper verdict or other improper matters and then have the verdict set aside because it may turn out to be unfavorable. Briggs Transfer Company v. Farmers Mut. Auto. Ins. Co., 265 Wis. 369, 61 N.W.2d 305; Mazza v. Berlanti Construction Company, 206 Pa.Super. 505, 214 A.2d 257; Sampeer v. Boschma, 369 Mich. 261, 119 N.W.2d 607.

Plaintiffs have cited no authority to support their contentions under Point III, and they appreciate that they should have objected to the forms of verdicts if they hoped to preserve error for review. However, they state that had they known of the court's endorsement on Instruction No. 9½ they would have objected to the forms of verdicts. We fail to perceive the connection between the two, or how plaintiffs can properly contend they were prejudiced by the forms of verdicts.

The plaintiffs' second point is directed solely at the last sentence of the court's Instruction No. 24, and particularly at the words "or for any other reason."

Instruction No. 24 concerns itself with the duty owed by a business proprietor to a business visitor or invitee who is a child, and the opportunity which the law affords

the proprietor to correct a dangerous situation before he can be held to have been negligent. The last sentence of this instruction reads as follows:

"* * * If the jury believes that the ice cream truck driver was not afforded such an opportunity because of the child's sudden and unexpected movement into the street, *or for any other reason,* then you will return a verdict for the defendant ice cream truck driver Wood and his employer Eller." (Emphasis supplied)

■ Plaintiffs assert several objections to this instruction in their brief in chief which were not asserted on the trial. Objections which fail to point out specifically the vice or defect in an instruction, so as to clearly inform the trial court of the claimed error, are insufficient to preserve the error for review. Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362; Mills v. Southwest Builders, Inc., 70 N.M. 407, 374 P.2d 289. See also Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671; Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757. The specific objection made to this instruction at the trial and which plaintiffs urge upon us for reversal is that the language "or for any other reason" excused defendant Wood from his own negligence in turning around and closing the door on his ice cream truck. They claimed the reason he was not af-

forded an opportunity to correct the dangerous situation was because he so turned around.

We have none of the evidence before us, so are in no position to know whether this defendant did turn around and close the door, when he may have done so, or whether or not under the circumstances, as reflected by the evidence, the words "or for any other reason" could, in fact, be construed as an excuse of his own negligence as contended by plaintiffs.

The trial court, who had listened to all the evidence and who considered the objection in the light of the evidence, did not feel the language of the instruction had the effect claimed by plaintiffs or that plaintiffs' objection was valid.

■ On appeal every reasonable intendment and presumption will be resolved against appellants and in favor of the proceedings below. James v. Anderson, 39 N.M. 535, 51 P.2d 601. See also Mitchell v. McCutcheon, et al., 33 N.M. 78, 260 P. 1086; Federal Land Bank of Wichita v. Beck, 46 N.M. 87, 121 P.2d 147; Anderson v. Adamson, 79 S.D. 429, 112 N.W.2d 612.

■ In the absence of the evidence from the record on appeal, the presumption is that there was no conflicting evidence, and that the instructions of the court to

the jury were in accordance with the legal effect of the evidence. Neither instructions given by the court, nor instructions requested by the parties, can ordinarily be reviewed by an appellate court in the absence of the evidence, for the reason that proper instructions are necessarily founded on the evidence. United States v. Watts, 1 N.M. 553; Wheelock v. McGee, 1 N.M. 573; Jenkins v. Vincennes Bridge Co., 82 Ind.App. 572, 146 N.E. 863; Anderson v. Adamson, supra; Foster v. Pruett, 105 Ind.App. 367; 15 N.E.2d 121. See also Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546; Beal v. Southern Union Gas Co., 66 N.M. 424, 349 P.2d 337, 84 A.L.R.2d 1269. In Re Guardianship, Caffo, 69 N.M. 320, 366 P.2d 848.

██ We cannot say that under any possible state of the evidence, which could have been presented, this instruction was erroneous, or that such instruction, when considered with all other instructions, had the effect claimed by plaintiffs and of necessity was prejudicial to their rights.

Finding no error, the judgment should be affirmed. It is so ordered

CHAVEZ, MOISE and COMPTON, JJ., and JOE W. WOOD, J., Court of Appeals, concur.