### ADJOURNED TERM FOR MARCH, 1852.

---

## FACUNDO PINO *v.* HUGH M. BECKWITH.

DEMURRER TO ANSWER GOES BACK TO PETITION.—A demurrer to the answer operates as a demurrer to the petition, if that be demurrable.

PARTY ALLEGING ERROR MUST SHOW WHAT.—The party alleging error must show error to his prejudice. Thus, when it appears by the bill of exceptions that the party excepting was not permitted to examine an opposing witness fully, as to his interest, the judgment will not be reversed on that ground, where it is not shown that the witness' testimony was material and prejudicial to the plaintiff in error.

PARTY TO RECORD NOT A COMPETENT WITNESS.—A party on the record, though divested of all interest, is not a competent witness.

FAILURE OF CONSIDERATION.—Money paid upon a consideration which has wholly failed may be recovered back; as where part of the consideration has been paid upon a purchase of land, and the vendor is unable to make title.

REFUSAL TO EXCLUDE PAROL EVIDENCE EXPLAINING WRITING.—Where parol evidence is admitted without objection to explain a writing, a subsequent refusal to exclude it from the consideration of the jury will not be deemed erroneous where the testimony and the instructions to the jury are not embodied in the bill of exceptions.

SURRENDER OF POSSESSION WHERE TITLE FAILS.—Where, in an action to recover purchase money paid for land the title to which has failed, there is no evidence to show who has possession, but the answer alleges the plaintiff to be in possession, it will be presumed that the plaintiff gave or tendered possession, with payment of rent, before bringing the action.

INTEREST ON PURCHASE MONEY.—In an action to recover purchase money for land for which the title has failed, interest is recoverable from the time the vendor was notified of the intention to reclaim the consideration.

APPEAL from Santa Fe circuit court. The opinion states the case.

*Wheaton and Pillan,* for the appellant.

*Ashurst and Smith,* for the appellee.

By Court, WATTS, J.:

Previous to the establishment of a civil government in this territory by the passage of the organic law of congress, approved September 9, 1850, the judicial power of said territory was vested in alcaldes, prefects, circuit courts, and a supreme court; the judges of the supreme court were the judges of the circuit courts; and the territory was divided into three circuits, called central, northern, and southeastern districts.

Upon the erection of a territorial government here under the organic law of congress, above mentioned, these courts passed away, and the legislative assembly at its June session, 1851, in accordance with the requirements of the organic law, vested the judicial power of said territory in a supreme court, district courts, probate courts, and in justices of the peace. At the said June session, 1851, of the legislative assembly, an act was passed perpetuating and declaring in force certain acts, orders, and laws, and for other purposes; the second section of which act provides, "that all bonds, writs, and process, that have remained in force, shall be carried to a final decision in the courts established by the legislative assembly, to the same effect as they would have been in the courts previously existing." The case now before us was tried in the circuit court for the central district at Santa Fe; and an appeal was taken from the judgment of the circuit court, to the supreme court, and by virtue of the section above quoted, comes before the supreme court created by the organic law, for adjudication. The suit in this case was a petition in debt; the writ was issued twenty-fifth of May, 1850; served on the defendant on the fourth of June, 1850; and the petition is in these words:

In the Santa Fe circuit court, June term, 1850, the petition of Hugh M. Beckwith respectfully states, that some

time in January, 1850, he, through his agent, Jose Maria
Rascen, contracted with one Facundo Pino, who alleged
himself to be the agent, with a sufficient and legal power of
attorney of Maria de la Luz Rascen, which latter asserts him-
self to be the heir, devisee, and legal representative of Juan
Rafael Rascen, deceased, under his last will and testament,
for the purchase of a certain house and lot of ground situ-
ate in the city of Santa Fe, county of Santa Fe, New
Mexico, lying in Main street, and bounded south by the Rio
Chiquito, west by land of Denaciano Vigil, and east by an
alley, for and in consideration of the sum of three thousand
dollars, of which two thousand were to be paid cash in hand,
and were accordingly paid, and the balance to be paid in
two equal installments, payable in three and six months
thereafter.    Your petitioner further states, that a few days
after the said first installment became due and payable, he
was ready, and offered to pay the same to the said Facundo
Pino, and made him a full tender thereof, and also the
amount of the last installment, and made demand of a deed,
sufficient in law to make him a good and legal title to the
premises aforesaid.    Your petitioner further states that the
said Facundo Pino has hitherto failed to make him any such
deed; and as your petitioner believes and is advised, has
no sufficient legal authority or legal power from the said
Rascen, or any other person in whom rests the true title to
said premises, to make a legal conveyance to your petitioner.
Your petitioner further prays the court for a judgment
against the said Facundo Pino, for the said sum of two thou-
sand dollars, with legal interest thereon, from the time of
payment of same, together with his damages and costs, and
to award him an execution therefor.

AUGNEY & ASHURST, for the plaintiff.

This petition was sworn to in the usual form, before the
clerk, at the June term, 1850, of the circuit court. The de-
fendant appeared and filed his answer to the above petition.
Subsequently, during the same term, on the eighth day of
August, 1850, a motion was made by defendant for leave to
file an amended answer.    The motion was sustained by the

court, and on the eighth day of August, 1850, the following amended answer was filed by the defendant:

*H. H. Beckwith* v. *F. Pino.* The answer of said Pino, agent of Dona Maria de la Luz Rascen, states as follows:

1. Protesting against the manifold errors, imperfections, and incongruities contained in said petition, by which the same is absolutely null and void, and illegal, respondent as agent as aforesaid, for answer to the same, answering, says that the matters and things contained in said petition are untrue, in manner and form, as therein stated and set forth.

2. Further, that he, as agent as aforesaid, did some time in January, A. D. 1850, contract with the said Jose Maria Rascen, not as the agent of his son-in-law, the plaintiff, but in his own proper person, and in his own name and right, for the sale of the house and property, as in said petition mentioned and described; that before the making and signing of said contract, he, the said respondent, should have fully explained to said Jose Maria his power as agent of said Maria de la Luz, as also the evidences he possessed, showing the right of said Maria de la Luz to said above-described property; and that said Jose Maria, having thoroughly examined his said power, and the documents in possession of said respondent establishing the right of said Maria de la Luz to the said land and property, expressed himself fully satisfied therewith, and deliberately made and executed a written contract, herewith shown to the court and marked A, by which the said Jose Maria, not as the agent of another, but in his own proper right, contracted with said Maria de la Luz to purchase of her said land and property for the sum of three thousand dollars, two thousand dollars to be paid down, and the other thousand to be paid in two equal installments, as in petition mentioned, the said installments being secured by the said property; that said two thousand dollars first mentioned were paid and the possession of the land delivered up to the said Jose Maria, in whose hands it still remains, without disturbance or molestation of any kind; that on or about the expiration of the time for the payment of the first installment of the above-

named equal part of the one thousand dollars so agreed to be paid as aforesaid, he was called on by said Beckwith, son-in-law of said Jose Maria as aforesaid, to go with him and receive the money on said first installment; but instead thereof, Pino was conducted to the law office of Messrs. Ashurst and Tuley, two distinguished counselors of said city of Santa Fe, where he saw some silver lying on the table (which this respondent presumes is the custom of offices of that character), but that said silver was never counted out or offered to said respondent; nor does he know how much was there, nor for what purpose it was there placed.

Your respondent was then for the first time informed that he had been trading and contracting with said Mr. Beckwith, and not with Jose Maria, and that his, respondent's, power and documents were deemed insufficient, and that said Jose Maria intended to back out of said contract, and instead of paying and counting out the sum as he had agreed, intended, by some kind of legal machinery unknown to your respondent, to get back the two thousand dollars so paid as aforesaid, and to never pay the other thousand so agreed to be paid as aforesaid; all of which actings and doings, contrary to the good old rules of fair trading and good faith, your respondent attributes to bad advice given to said Jose Maria by others, and not to the suggestions of his own heart and understanding. Your respondent protests against the substitution on the part of said Jose Maria, of his son-in-law, Beckwith, as principal in said contract and party in said suit so long a period of time after the execution of said agreement as aforesaid. He also protests against the right assumed by said Jose Maria of going behind his said contract and refusing to carry out his said agreement after the same has been solemnly signed and executed by him as aforesaid, with full knowledge on his part of all documents, papers, rights, and powers in possession of said Pino relative to said land, and without the slightest imputation of fraud, bad faith or deceit expressed against your respondent or his principal in making and executing said contract, and while the said Jose Maria remains in undisputed possession of said land and property, and is in receipt of

large rents and revenue for the same. Your respondent, therefore, prays that said Jose Maria Rascen be made and considered by the court as party to this suit; that the same, as far as the said Beckwith is concerned, be dismissed at the proper cost of said Beckwith, and that said Jose Maria be compelled by a decree of this court to pay to your respondent, as agent of said Maria de la Luz, the above-named sum of one thousand dollars, so by him agreed to be paid as aforesaid, and which your respondent alleges has never been paid or tendered to either him or his said principal, Maria de la Luz. At the same time this respondent declares his readiness, upon payment of the same, to make as agent as aforesaid such conveyance as he in said contract A agreed to make, and to do *bona fide* what he therein agreed to do and perform, and he further states that he has always been ready and willing to do the same, but has been prevented by reason of the failure of the said Jose Maria to perform his part of said contract as aforesaid; that is to say, that your respondent avers his readiness always to do and perform honestly and *bona fide* as agent and on the part of his said principal, Maria de la Luz, all his part of said contract marked A, and in which not even a suspicion of fraud or bad faith is even expressed by said Jose Maria or said plaintiff Beckwith, and prays that said Jose Maria be also required to carry out his own part of the same and to perform with the same good faith the agreement made by him, and that the said Jose Maria be also compelled by this court to pay all interest and damages which your respondent alleges his principal has sustained, to a large amount by reason of the said failure and delay on the part of said Jose Maria to perform the provisions of his said contract; and that said Jose Maria and said Beckwith be compelled to pay such other costs and damages as to this court may seem just and right, and your respondent will ever pray, etc.

WHEATON & PILLAN, for defendant.

This answer was sworn to in the usual manner. Document A, above referred to, was signed Jose Maria Rascen, Facundo D. Pino, and being substantially set forth in the

above answer of Pino, is not now essential to be copied. After the filing of the above answer of Pino, on the eighth day of August, 1850, the plaintiff, Beckwith, demurred to the answer of Pino. Whether this demurrer was ever decided by the court, or if so, in what manner it was decided, is unexplained by the record before us. The cause was then continued until next term of the court in 1850, the parties appeared, issue was joined, and the cause was tried by a jury, who rendered a verdict for the plaintiff for the sum of two thousand and seventy-five dollars, and judgment was rendered on the finding of the jury for that sum and costs of suit. The defendant moved to set aside the verdict, and grant a new trial, for the following reasons: first, that the court admitted illegal testimony before the jury; second, the court instructed the jury; third, that jury found against the law and evidence; fourth, the court refused testimony that ought to be admitted. The record is in like manner silent as to what disposition was made of this motion for a new trial in the circuit court. During the progress of the cause four bills of exception were signed by the court upon the part of the defendant, and, made a part of the record: first, that the demurrer of the plaintiff to defendant's answer was overruled as to plaintiff's petition, as well as to said answer; second, that the plaintiff offered to introduce as a witness in the same cause Jose Maria Rascen, who being on his *voir dire*, the court refused to allow any other questions by the defendant, except as follows: are you directly or indirectly interested in the event of this suit; third, that on the trial of the cause a certain written contract, marked A, and filed in the cause, was introduced as testimony, and proved to be the contract on which the suit was founded. The plaintiff introduced testimony to show by parol a different party to said contract, which defendant moved to exclude from the jury, on the ground that parol testimony was inadmissible to show that Rascen made the contract on account of another, which motion the court overruled; fourth, that on the trial of this cause, the defendant offered as a witness the said Facundo Pino, to testify in the same, who was rejected by the court. On the first day of November, 1850, the usual affidavit for an appeal

was made by Facundo Pino, and on the second day of November, 1850, an appeal bond was executed by Facundo Pino, Jose Maria Baca, and Manuel Chavez, and approved by the circuit judge.

Such is the history of this cause in the Santa Fe circuit court, as disclosed by the record herein. The points made by the appellant in this case in this court, upon which its reversal is sought, are: 1. The circuit court erred in overruling the demurrer filed by the plaintiff as to plaintiff's declaration in exception marked A. 2. The circuit court erred in not allowing questions to be asked witness to show his interest other than the question stated in the exception marked B. 3. The circuit court erred in not admitting the testimony of Facundo Pino, as stated in exception marked C. 4. The court erred in allowing parol evidence to alter or contradict a written contract, as shown in exception E. The first error assigned is the overruling the demurrer filed by plaintiff as to the plaintiff's declaration. The ground of this exception, when we come to examine the bill of exceptions, seems to be this: the plaintiff filed a demurrer to the defendant's answer, and the defendant asserts that the demurrer so filed goes back to the petition, and that it was the duty of the circuit court to have dismissed the petition. The principle of law, that he who objects to the legal sufficiency of his adversary's pleading must be certain that his own pleadings are in substance good, is a correct principle. A demurrer filed by a plaintiff to a defendant's answer will operate as a general demurrer to the petition of the plaintiff. In examining this petition, no substantial defect in it has occurred to the court, nor has any been pointed out. So far as the exception to the opinion of the court is concerned, for not permitting a full examination of the witness, Jose Maria Rascen, as to his interest, this court can not undertake to say that the circuit court committed any error. The party alleging error, must show error tending to his prejudice in the court below, before this court can decide upon the point in dispute. The bill of exceptions does not show that Jose Maria Rascen was examined as a witness in the

case, or testified to any fact connected with the case; and this court can not undertake to presume he was examined as a witness in the cause. The decision of the circuit court in refusing to admit Facundo Pino, who was the de-. fendant, as a witness in the cause, was not erroneous. A party upon the record, although divested of all interest in the event of the suit, is not a competent witness in the cause: *Bridges* v. *Armour*, 5 How. 91; *De Wolf* v. *Johnson*, 10 Wheat. 367; *Scott* v. *Lloyd*, 12 Pet. 145; *Stein* v. *Bowman et al.*, 13 Id. 209. The exclusion in such a case is placed upon the ground of policy, which forbids a party from being a witness in his own cause.

The fourth error assigned is, that the court erred in allowing parol evidence to alter a written contract. The suit in this case was not founded on the written contract; that contract may or may not have been useful to the plaintiff as an instrument of evidence, but is not made any part of the petition. The petition is based upon the fact that Beckwith paid Pino two thousand dollars on a consideration which has wholly failed, and, therefore, should be refunded. It is a correct principle of law that money paid upon a consideration which has totally failed may be recovered back: See *Greenleaf* v. *Cook*, 2 Wheat. 13; 4 Cond. 7. The case now before this court comes within this principle. That a written agreement can not be shown by parol evidence to be different from what it purports to be, seems to be clear: See *Russell et al.* v. *Branham et al.*, 8 Blackf. 277. In this case the written contract was introduced by the defendant; parol evidence was admitted to explain it without objection; and the subsequent refusal of the court to exclude it from the jury on the motion of the defendant, if that motion was a proper one, can not now be considered by this court as erroneous, in the absence of the testimony in the cause, and in ignorance of the instructions of the circuit court to the jury. In the absence of the evidence given in the court below, this court will presume that every fact stated in the petition, material to be proved before the jury, was proved, or the jury on the evidence would not have found a verdict for the plaintiff in the court below. The petition is silent as to the possession of the house and ground; the answer

of the defendant states it to be in the plaintiff. If it be true that the plaintiff, Beckwith, has possession of the premises, it is equally true that the legal owner can at any time assert his right to the possession and payment of such rent as the premises have or might have yielded. A refusal on the part of Beckwith to surrender the possession, and account for the rents and profits, might be construed into an affirmance of the contract. There being no evidence before this court showing in whom the possession is, this court must take it for granted that the possession was given or tendered to Pino by Beckwith, with payment of rent, if the possession was ever in Beckwith. Whether a demurrer, noticed on the record as being filed, and no notice of any subsequent action of the court upon it, is to be regarded as withdrawn or overruled, is a point not now decided. Interest on money is regulated by the contract of the parties, or fixed by law. The plaintiff Beckwith, in his petition, shows that Pino was not notified of his intention to reclaim the two thousand dollars, upon the ground of the total failure of the consideration upon which it was paid, until the twenty-first day of April, 1850. The judgment was rendered on the first day of November, 1850, being six months and ten days. The interest for that time amounted to only the sum of sixty-three dollars and thirty-three and one third cents. The jury gave the plaintiff seventy-five dollars interest, making an excess of interest of eleven dollars and sixty-six and two thirds cents. The judgment must be reversed, unless the proper remittitur be entered.

It is ordered by the court, that the judgment of the Santa Fe circuit court in this case be affirmed, at the costs of the appellee in this court, and that an execution issue in this cause against the said Facundo Pino, Jose Maria Baca and Manuel Chavez for the sum of two thousand dollars, debt, and interest thereon from the twenty-first day of April, 1850, until this date, being the sum of two hundred and twenty-nine dollars and sixty-seven cents, and costs of suit in the Santa Fe circuit court, taxed at —— dollars and cents. It is further ordered that the appellee pay the costs in this court.