321 P.2d 1112

Roma Jewel PORTER, Plaintiff-Appellee,

v.

FERGUSON–STEERE MOTOR COMPANY and Potash Mines Transportation Company, Defendant-Appellant.

Charles J. ERKKILA, Plaintiff-Appellee,

v.

FERGUSON–STEERE MOTOR COMPANY and Potash Mines Transportation Company, Defendant-Appellant.

Mary B. McILWEE, Plaintiff-Appellee,

v.

FERGUSON–STEERE MOTOR COMPANY and Potash Mines Transportation Company, Defendant-Appellant.

Francis L. GOUGH, Plaintiff-Appellee,

v.

FERGUSON–STEERE MOTOR COMPANY and Potash Mines Transportation Company, Defendant-Appellant.

Nos. 6324–6327.

Supreme Court of New Mexico.

Feb. 11, 1958.

Neal, Neumann & Neal, Carlsbad, Iden & Johnson, Albuquerque, for appellants.

Reese, McCormick, Lusk & Paine, Foster Windham, C. N. Morris, M. Rosenberg, Roy H. Blackman, Stagner, Sage & Walker, Carlsbad, for appellees.

COMPTON, Justice.

The personal representatives of the decedents, George Henry Porter, William Francis McIlwee and K. D. Gough, whose deaths allegedly resulted from a collision between appellant's bus, in which they were riding as fare-paying passengers, and a truck operated by Ferguson-Steere Motor Company, instituted separate actions for damages. The action by appellee Erkkila, also a fare-paying passenger in appellant's bus, is for personal injuries received by him in the same accident.

The causes were consolidated for trial, as well as for hearing on appeal. Pending trial, however, Ferguson-Steere Motor Company settled with appellees, and the case was dismissed as to it.

The concurring negligence of the drivers of the bus and truck is alleged as the proximate cause of the collision and the resulting injuries and deaths. The jury found in favor of appellees, and from a judgment on the verdict, Potash Mines Transportation Company appeals.

The sufficiency of the evidence is not questioned, nor is the amount of the award. The appeal is based solely on claimed erroneous instructions, which read:

"12. If you find from a preponderance of the evidence that the bus driver, Tommy Crow, as he approached the scene of the collision, knew or in the exercise of the highest degree of care should have known that he was driving into a dangerous situation which

might cause a collision, and that, in order to avoid such collision, the care which he owed to his passengers required him to reduce the speed of his bus, or to stop his bus, or to drive his bus off of the hard surfaced portion of the highway, if he could safely do so, and that he failed to do so, then you will find that the bus driver was negligent.

"13. You are instructed that a statute of this state provides that a driver of a vehicle must keep a proper look-out for other vehicles on the highway, and also that he must keep and maintain proper control over his vehicle at all times.

"A violation of this statute is negligence.

"If you find that at the time and place of the collision, the driver of the bus, Tommy Crow, failed to keep a proper look-out for other vehicles on the highway, or that he failed to keep and maintain proper control over his vehicle, you will find that he was negligent. If you also find that such negligence proximately caused or contributed to proximately cause the collision and the resulting deaths and injuries, then your verdict will be in favor of the plaintiffs and against the defendant, Potash Mines Transportation Company, unless you find plaintiffs have been fully compensated by the settlements received."

The claim is made that instruction number 12, in defining negligence, is an invasion of the province of the jury. We do not think the court erred in this regard. The instruction merely says that certain facts constitute negligence, and if such facts are so found by a preponderance of the evidence, the jury will say so by its verdict. The existence of these facts, however, was a matter left squarely to the jury. Moreover, instruction number 18, requested by appellant and given by the court, again tells the jury that it is the fact finder as to negligence. The instructions are substantially the same and are to be considered together. Instruction number 18 reads:

"You are instructed that in order for any plaintiff to recover a Judgment in any sum whatsoever against Potash Mines Transportation Company, such plaintiff must prove to your satisfaction, by a preponderance of the evidence:

"(a) That the driver of Potash Mines Transportation Company's bus, at the time and place of the accident, in exercising the degree of care required of him by law, was guilty of one or more of the following acts of negligence:

"(1) In failing to keep a proper lookout for other vehicles on the highway.

"(2) In failing to keep and maintain proper control over the bus.

"(3) In operating the bus at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing contrary to the common law of New Mexico and contrary to Section 64-18-1(a) N.M.S.A. 1953.

"(4) In failing to operate said bus at an appropriate reduced speed when traveling upon a narrow roadway and when special hazards existed with respect to other traffic and by reason of weather and highway conditions contrary to Section 64-18-1(c) N.M.S.A. 1953.

"(5) In failing to stop the bus or to reduce the speed of the bus when the driver of the bus knew, or in the exercise of the care which he owed to his passengers should have known, that the safety of his passengers required him to do so under the circumstances.

"(6) In failing to drive the bus to the right and off of the main traveled portion of the highway to the extent necessary to avoid a collision when the driver of the bus knew, or in the exercise of the care which he owed to his passengers should have known, that the safety of his passengers required him to do so under the circumstances, and

"(b) You must further find by a preponderance of the evidence that such failure proximately caused the accident, and

"(c) That said plaintiff did not receive an adequate and reasonable sum in damages in the settlement which plaintiff made with Ferguson-Steere Motor Company, and unless you so find, your verdict must be for the defendant as to such plaintiff."

■ The contention is made that instruction number 13 is erroneous because we have no statute specifically requiring drivers to keep a "proper lookout" for vehicles on the highways, or to keep and maintain "proper control" of their vehicles at all times. It must be conceded that we have no specific "lookout" or "control" statute; however, the common law requires as much, and the case is one based on common law negligence. The duty imposed by law upon drivers of motor vehicles is to keep a proper lookout and maintain proper control. Ortega v. Koury, 55 N.M. 142, 227 P.2d 941; Hutchins v. LaBarre, 242 Iowa 515, 47 N.W.2d 269; Bobbitt v. Haynes, 231 N.C. 373, 57 S.E.2d 361.

470

Again, instruction number 18 was specific in regard to the duty imposed upon drivers of motor vehicles.

██ Of course, any erroneous statement of the law, prejudicial to the rights of a litigant, will be held reversible error. Wilder v. People, 86 Colo. 35, 278 P. 594, 65 A.L.R. 1260; Batchelor v. Anglin, 64 Ga.App. 342, 13 S.E.2d 110; Harshaw v. Kansas City Public Service Co., 154 Kan. 481, 119 P.2d 459. Had the court told the jury that the facts enumerated constituted negligence per se, no doubt a different conclusion would be required. But we fail to see any prejudicial error in the record. The error in using the word "statute" instead of the word "law" in the instruction, is technical, harmless, and should be disregarded. Edwards v. Peterson, 61 N.M. 104, 295 P.2d 858; Wiggs v. City of Albuquerque, 57 N.M. 770, 263 P.2d 963. Sections 21–1–1(61), 21–2–1(17) (10), 1953 Compilation.

The questions raised by the separate appeals are the same, and for the reasons set forth, the judgments will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and KIKER, JJ., and JOHN R. BRAND, D. J., concur.

SADLER, J., not participating.