**Thomas E. Phillips, Plaintiff-Appellant, v. Herbert Lawrence, Defendant-Appellee.**

Gen. No. 66–133.

Fifth District.
September 6, 1967.

Durr & Durr, of Edwardsville, for appellant.

Burroughs, Simpson & Burroughs, of Edwardsville, for appellee.

MORAN, P. J.

Plaintiff appeals from a judgment of the Circuit Court of Madison County in the amount of $750, claiming he was awarded inadequate damages in his suit.

Plaintiff alleged that he was injured when the car he was driving was struck in the rear by a car driven by defendant, while plaintiff was stopped waiting to make a left turn; he further alleged that the defendant "(d)id manage and drive his vehicle at the time and place at a speed of more than 65 miles per hour in violation of the laws of this state." Defendant admitted the allegations of plaintiff's complaint, admitted that the plaintiff suffered injury as a result of the collision, but denied the nature and extent of the injuries.

Plaintiff, in his opening statement to the jury, attempted to tell the jury that there was no denial of the fact that the defendant was driving his car in excess of 65 miles per hour when it struck plaintiff's car which was stopped. Defendant objected to any argument concerning the speed of defendant's car, contending that the only issue before the jury at that time was the nature and extent of plaintiff's injuries. He asked the court to instruct the jury to disregard any statement made by plaintiff's attorney concerning the speed of defendant's car.

The trial court then recessed the trial and retired to chambers where an intensive argument was heard concerning this issue. Plaintiff's attorney argued that defendant's admitted speed had a direct bearing on the force of the impact to plaintiff's car and that the force of the impact was relevant in determining the nature and extent of plaintiff's injuries. The trial court ruled that the rate of speed of the defendant's car was not admissible and that any objection to questions that plaintiff would ask relating to speed would be sustained during the trial.

After the court reconvened the court instructed the jury that "(t)he first order of business is, the Jury is instructed that the reference to the speed of sixty-five miles per hour made by Mr. Durr in his opening remarks is not a proper subject for discussion at this time in view of the fact that the question of liability is admitted and the sole question is to the extent of the injuries, if any, so that the Jury is instructed to disregard the statement. You may proceed."

Plaintiff testified that his car was struck from behind by defendant's car and propelled across a ditch at a speed of 35 miles per hour. While plaintiff's attorney was interrogating plaintiff, he cautioned plaintiff not to go into the speed of defendant's car as the judge had ruled this inadmissible. At one time during plaintiff's interrogation, plaintiff's attorney asked plaintiff, "How fast was your car moving at the time of the collision?" He withdrew this question on objection of defense counsel.

Plaintiff testified that he was 56 years of age at the time of the accident and 59 at the time of the trial; that he had been employed in construction work at Granite City Steel Company for the past fifteen years; that his work consisted of running jack hammers, air hammers, digging ditches and pouring concrete. He further testified that the condition of his health before the accident was good; that he was never bothered by neck trouble, shoulder trouble or headaches before the accident; that since the accident he has had a continuous problem with his neck, shoulders and headaches at work. The evidence indicated that he lost about $200 in wages and incurred $170 in medical expenses.

The sole question is whether or not exclusion of the evidence of the speed of defendant's automobile was reversible error.

■ Is evidence of speed, physical impact and the like, admissible as relevant to the probable extent of

personal injuries when liability is fully admitted? Neither counsel have cited, nor has this court found any Illinois authorities bearing directly on this question. However, the weight of authority in other jurisdictions is that evidence of the circumstances surrounding an accident is admissible where relevant to the probable extent of personal injuries. See authorities cited in 80 ALR2d 1228–1230.

██ ██ Plaintiff sought to prove that defendant's car was travelling at an admitted speed of more than 65 miles per hour when it struck his car which was stopped, waiting to make a left turn. He claims that this evidence was relevant as it would tend to have some bearing on the nature and extent of his injuries. Relevancy is established where a fact offered tends to prove a fact in controversy or renders a matter in issue more or less probable. To be probable it must be tested in the light of logic, experience and accepted assumptions as to human behavior. Marut v. Costello, 34 Ill2d 125, 214 NE 2d 768. Both logic and experience indicate that a person in a stopped car, struck by another car going at a speed in excess of 65 miles per hour, is more likely to receive more serious injuries than one similarly situated who is struck by a car going at a much slower speed. Under the circumstances, we believe the evidence of the speed of defendant's car was admissible as having some bearing on the extent of the injuries suffered by plaintiff and that it was error of the trial court to exclude this evidence.

Was rejection of this evidence reversible error? Plaintiff lost about $200 in wages and $170 in medical expenses. In addition, for a period of three years he has suffered a considerable amount of pain and discomfort as a result of the accident. Under these circumstances, we cannot say that the jury would not have awarded plaintiff more than the sum of $750 if the plaintiff had

63

been permitted to prove the defendant's speed and resultant force with which his car was struck by defendant. Defendant argues that the evidence of the speed was actually before the jury because the plaintiff testified that his car travelled over an open ditch at a speed of 35 miles per hour. However the jury were informed at the very beginning of the trial that the speed with which defendant's car struck that driven by plaintiff had no relation to plaintiff's injuries. Plaintiff's attorney convincingly argues that this ruling compelled him to change his whole trial strategy throughout the case.

■ Where error is shown to exist, it will compel reversal unless the record affirmatively shows that the error was not prejudicial. Duffy v. Cortesi, 2 Ill2d 511, 517, 119 NE2d 241; Shore v. Turman, 63 Ill App2d 315, 323, 210 NE2d 232. In our opinion the record does not affirmatively show that the exclusion of the speed of defendant's car from the evidence was not prejudicial.

For the foregoing reasons, the judgment of the lower court is reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.