433 P.2d 86

**Edward E. APODACA and Edna Lee Apodaca, Plaintiff-Appellants and Cross-Appellees,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, K. B. Roche, and Paul D. Lee, Defendants-Appellees and Cross-Appellants.**

**No. 8267.**

Supreme Court of New Mexico.

Oct. 30, 1967.

Courtney Vallentine, O. R. Adams, Jr., Albuquerque, for appellants.

A. H. McLeod, Michael L. Keleher, John B. Tittmann, Albuquerque, for appellees.

## OPINION

CHAVEZ, Chief Justice.

This is an appeal from the district court of Bernalillo County, wherein the claim for relief was based upon fraudulent actions of defendants-appellees in failing to pay off a claim in a fire insurance policy issued by appellees to plaintiffs-appellants. The remaining non-corporate appellees are insurance adjusters employed by appellee United States Fidelity and Guaranty Company. A jury trial was held, resulting in a verdict for appellees. Appellants appeal on one point only, to-wit:

"THE JURY VERDICT IN THIS CASE WAS INDUCED BY MISCON-

DUCT OF DEFENSE COUNSEL, A. H. McLEOD; CONSISTING OF STATEMENTS MADE IN FRONT OF THE JURY, WHICH WERE SO INTENTIONAL, IRRELEVANT, INADMISSIBLE, UNETHICAL AND PREJUDICIAL THAT A REVERSAL OF THE VERDICT AND OF THE JUDGMENT IS REQUIRED."

The law regarding verdicts allegedly induced by improper conduct is wide and varied and the precise question has never been passed upon in New Mexico.

In Medler v. Henry, 44 N.M. 275, 101 P.2d 398, we considered the question of excessive and improper cross-examination by both the court and opposing counsel. We there held that this was within the discretion of the trial court and that no abuse of discretion had been shown.

In Miller v. Marsh, 53 N.M. 5, 201 P.2d 341, we discussed the question of alleged misconduct by a party litigant, where the party litigant had a conversation with a juror during the trial. We held that the party having knowledge of alleged misconduct of the opposing party during the progress of a trial and before it has been submitted to the jury must promptly call it to the court's attention or it is waived.

In Griego v. Conwell, 54 N.M. 287, 222 P.2d 606, appellee's attorneys made improper statements in argument to which objection was made at the time. In that case, appellants stated to the court in their brief that it was the duty of the trial court to keep the attorneys in the record when they addressed the jury. We agreed with appellants, adding that there is also a responsibility resting upon the attorneys who consider the remarks improper, and stated:

"We do not want to be understood as condoning the acts of counsel who go outside the record, or who attempt to inflame the minds of the jurors against the opposing litigant, and we reserve the right in a proper case to reverse the judgment and award a new trial even if objection be not made, but we do not believe this is a case calling for such action."

In the instant case, the issue is as to the effect of improper remarks by counsel directed at opposing counsel in summation. A good summary of the law relating to such attacks on counsel is contained in 96 A.L.R.2d 9. At page 38 of this annotation, it is stated:

"It is obvious that an attack made in summation by counsel upon opposing counsel may well tend to have a more damaging effect where the issues are closely drawn and where there is evidence favorable to each party. Conversely, such an attack may well have a *less* damaging effect where the issues are not closely drawn."

Appellant has directed our attention only to the improper remarks of opposing counsel. He has failed to point out, or to demonstrate by record references, how he was injured or prejudiced by these remarks. The burden is upon a party claiming error to demonstrate that his rights were prejudiced by the claimed error. Tevis v. McCrary, 75 N.M. 165, 402 P.2d 150; Pino v. Beckwith, 1 N.M. 19. Appellant has not met this burden.

As stated in Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

See also, Smith v. Whitehead (Tex.Civ. App.1963), 363 S.W.2d 369; Penate v. Berry (Tex.Civ.App.1961), 348 S.W.2d 167; Annot., 46 L.R.A. 641, 648, 655 (1900).

Accordingly, finding no error, the judgment is affirmed.

This court would be remiss in its duty if we did not comment upon the conduct and language used by counsel for both parties during the trial of this case. The language used by the attorneys was highly

improper and offensive.. The conduct of lawyers before a court should be characterized by candor and fairness. It was not candid or fair for counsel in this case to engage in a shouting match in open court, and such conduct and language has no place in a court of law. This court does not condone such conduct and language.

 We might also add that the trial court in this case, as well as every trial court, has the responsibility and duty to see that all attorneys who appear before them comport themselves properly and with respect, according to the canons of ethics of our profession and the oath which all attorneys have taken.

It is so ordered.

CARMODY, J., and OMAN, J., Court of Appeals, concur.