**Dorothy GORMLY, Appellant,**

v.

**Dexter J. JOHNSON, Respondent.**

**No. 54506.**

Supreme Court of Missouri, Division No. 2.

March 9, 1970.

Sherman Landau, St. Louis, for appellant.

Paul S. Brown, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

HENRY I. EAGER, Special Commissioner.

In this action for personal injuries arising out of an automobile collision the jury returned a verdict for the defendant. After an unsuccessful motion for new trial plaintiff appealed. The collision occurred on October 17, 1966, at the intersection of Tholozan and McCausland Avenues in the City of St. Louis. Plaintiff was a passenger in a car driven by Mrs. Barbara Mohr and was traveling east on Tholozan. Defendant was driving north on McCausland. The collision occurred in the southeast quarter of the intersection. The case was submitted on assignments of negligence in failing to keep a careful lookout, or driving at an excessive speed, or failing to yield the right of way, all in the disjunctive as indicated in MAI 17.02. Defendant conversed negligence generally as permitted by MAI 33.03(2). This Court has jurisdiction since plaintiff's claim was for $35,000, and the record indicates that she suffered substantial injuries. In view of the limited nature of the points raised by appellant, it will not be necessary for us to review the evidence in any detail. The case was tried on September 23–25, 1968.

The sole questions raised by plaintiff (and we shall hereafter so designate her) are that the Court erred in giving Instructions 1 and 6 because they contained the pronoun "his" in referring to plaintiff, instead of modifying each instruction so as to refer to plaintiff as "her." Instruction No. 1 was the cautionary MAI 2.01 (as it appeared before the revision appearing in the 2nd Edition of MAI, 1969.) The sentence in question, as included in the instruction, was: "First, the plaintiff may make an opening statement outlining his case." The second alleged error occurred in the burden of proof instruction, given as No. 6, which, as the record shows, was given "On Court's Own Motion." The instruction as thus given conformed precisely to MAI 3.01 (1st Edition). The sentence in question read: "The burden is upon plaintiff to cause you to believe the propositions necessary to support his claim against the defendant."

Plaintiff insists that the use of the word "his" in these two places was confusing and misleading to the jury, and that in failing thus to modify the MAI forms, the Court committed reversible error. Her counsel cites MAI, page XXXIV (1st Edition) stating that the instructions were prepared in terms "of a single male plaintiff and a single male defendant," and that pronoun modifications will be needed for "multiple parties, corporations and females." He cites Stewart v. City of Marshfield, Mo. App., 431 S.W.2d 819, Brannaker v. Transamerican Freight Lines, Inc., Mo., 428 S.W. 2d 524, and Sweatman v. McClure, Mo.App., 416 S.W.2d 665, as indicating that the Instructions on Use are an integral part of

the system of Missouri Approved Instructions. Of that there can be no doubt.

Defendant's counsel makes these points: (1) that plaintiff did not make a submissible case for the jury; (2) that no objection to Instruction No. 1 was raised in the motion for a new trial; (3) that in any event the use of the pronoun "his" in either or both instructions could not possibly have confused or misled the jury. Ordinarily, when the point of no submissible case is raised we consider that first. Here, after giving the matter considerable thought, we have determined that since the instruction questions are very simple and insubstantial we should not encumber the books and perhaps complicate the law with a detailed recitation of the evidence and a discussion of the various applicable cases. We shall thus assume, for the purpose of this opinion, that plaintiff made a submissible case. In the view we take of the case neither party can be hurt by this method of procedure, as will be demonstrated.

■ The objection to Instruction No. 1 was not raised in the motion for new trial. The objection to No. 6 was so raised. Therefore, we consider whether the use of "his" instead of "her" constituted prejudicial error in the latter instruction. Plaintiff cites various cases as upholding the rigid rule requiring specific adherence to the forms of MAI. Murphy v. Land, Mo., 420 S.W.2d 505; Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255; Hunter v. Norton, Mo., 412 S.W.2d 163; Gousetis v. Bange, Mo., 425 S.W.2d 91, and Brannaker and Stewart, supra. To these we may add: Cash v. Bolle, Mo., 423 S.W.2d 743; Burrell v. Mayfair-Lennox Hotels, Inc., Mo., 442 S.W.2d 47; Aubuchon v. LaPlant, Mo., 435 S.W.2d 648; Higgins v. Gosney, Mo., 435 SW.2d 653; Motsinger v. Queen City Casket Co., Mo., 408 S.W.2d 857. As we said in Burrell, supra, 442 S.W.2d at loc. cit. 54: " * * * we have no intention of departing from the strict requirements of compliance with MAI which we have announced in such cases * * *." Rule 70.01, V.A.M.R. provides that the giving of an instruction "in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined." This, of course, includes the failure to follow an MAI instruction, where applicable, Rule 70.01(b). Instruction No. 6 strictly followed MAI 3.01, but it is true that the Court did not change the "his" to "her" in accordance with the Instructions on Use at page XXXIV of the book (1st Edition). We shall not quibble as to any possible difference in the failure to follow an instruction and a failure to follow the directions on use. Both are presumed to be error, and the only remaining question is whether the error was prejudicial.

■ We note here that there was one plaintiff and one defendant; there was no counterclaim to complicate the burden of proof instruction; plaintiff was the only party seeking damages. There was only one damage instruction and in that the jury was told that if it found the issues for plaintiff, it must award *"the plaintiff* such sum as you believe will fairly and justly compensate the plaintiff for any damages you believe *she* sustained * * *." (Italics ours.) The jury heard the plaintiff testify in considerable detail, and particularly as to her injuries and special damages, shortly after receiving Instruction No. 1 to the effect that "the plaintiff will first introduce evidence." Her counsel argued the case; only a very few excerpts from the argument and the objections thereto are shown in the transcript.

These brief excerpts do show: that plaintiff's counsel referred to defendant's duty "to these ladies"; that he referred to "her wage loss" and the bills that "she paid" for medical treatment; that he said that the necessity for medical care would go on "for the rest of her life"; that they tried to ridicule "Mrs. Gormly"; that she had a life expectancy of 16.8 years, and in the following six lines of argument counsel used "her" or "she" three more times. Defendant's counsel, by objections in the few excerpts shown, referred twice to plaintiff as "she." Undoubtedly plaintiff was iden-

**48**

tified by counsel for both sides as being of the feminine gender throughout the entire arguments, and the trial as a whole. Under these circumstances, it does not seem possible that the jury could have been misled by the single word "his" in the burden of proof instruction.

In Burrell v. Mayfair-Lennox Hotels, Inc., supra, we said at 442 S.W.2d, loc. cit. 54: "[7] We hesitate to approve of any deviation from MAI Instructions, but we assume that in the ordinary course we must reach a point at some time where a deviation is nonprejudicial to the one against whom the instruction is given. Thus see, Johnson v. West, Mo., 416 S.W.2d 162, where the omission of the word 'either' from paragraph 'First' of MAI 17.02 was held not to have been prejudicial. In that opinion it was held that the true test is whether the instruction is substantially correct. See also, generally, Jackson v. Cherokee Drug Co., Mo.App., 434 S.W.2d 257; Aubuchon v. LaPlant, Mo., 435 S.W.2d 648. We hold here that the giving of Instruction No. 2 did not constitute prejudicial error, but we couple this ruling with a distinct warning to counsel *not* to experiment with MAI Instructions in the future, for they may not be so fortunate." See also State ex rel. Kansas City Power & Light Co. v. Campbell, Mo.App., 433 S.W.2d 606; Foote v. Thompson, Mo.App., 407 S.W.2d 637.

Error is presumed from the failure to make the modification, but we find that this error was not and could not have been prejudicial to the plaintiff. And, while it has nothing directly to do with the matter of prejudice, we note that in this case neither party sought to *deviate* from an approved MAI instruction; the error resulted from the fact that the *Court* in giving, on its own motion, the *approved* burden of proof instruction, simply failed, inadvertently, to substitute the pronoun "her" for "his." We deem it wholly unnecessary to go into the rule of statutory construction which, at least in certain instances, permits the masculine gender to be construed as inclusive also of the feminine. On the test

used in Johnson v. West, Mo., 416 S.W.2d 162, and Burrell, supra, we hold that the instruction was "substantially correct."

Finding no prejudicial error, the judgment is affirmed.

PER CURIAM.

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.