475 P.2d 785

Bobbie JEWELL, and the minors, Tommie E. Jewell, III, and Michelle M. Jewell, by their next friend, Bobbie L. Jewell, Plaintiffs-Appellees and Cross-Appellants,

v.

Leonard SEIDENBERG and Louise Geng Seidenberg, Defendants-Appellants and Cross-Appellees.

No. 446.

Court of Appeals of New Mexico.

June 12, 1970.

Certiorari issued June 29, 1970.

Allen C. Dewey, Jr., Leland S. Sedberry, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellants.

O. R. Adams, Jr., Edward P. Chase, Albuquerque, for appellees.

OPINION

HENDLEY, Judge.

Defendants appeal from adverse verdicts in a medical malpractice action. Defendauts' Point III is dispositive of the appeal. We reverse.

"THE TRIAL COURT'S FAILURE AND REFUSAL TO FOLLOW THE NEW MEXICO UNIFORM JURY INSTRUCTIONS DEPRIVED DEFENDANTS OF A FAIR TRIAL."

By Supreme Court Order No. 8000 Misc. dated May 5, 1966, Rule 51 of the Rules of Civil Procedure [§ 21–1–1(51), N.M.S.A. 1953 (Supp.1969)] was amended to read in part:

"(c) * * * the U.J.I. instruction shall be used unless under the facts or circumstances of the particular case the published Uniform Jury Instruction is erroneous or otherwise improper, and the trial court so finds and states of record its reasons. [As amended May 5, 1966. Effective September 1, 1966.]"

Also stated in Order No. 8000 Misc. is the following:

"NOW, THEREFORE, IT IS ORDERED that the instructions prepared by the New Mexico Supreme Court Advisory Committee on Uniform Jury Instructions, *together with directions as to use* or non-use of instructions on certain subjects, contained in a volume published by West Publishing Company and attached hereto, shall be in effect as New Mexico Uniform Jury Instructions (U.J.I.) and shall be used as provided in Rule 51 of Rules of Civil Procedure (Sec. 21-1-1(51) N.M.S.A.1953), in cases filed on and after September 1, 1966." (Emphasis added).

The "Directions for Use" of U.J.I. 17.1 states:

"This instruction shall be given to the jury in every case and shall replace all instructions of similar import generally much longer but in essence stating the same principle."

Both plaintiff and defendant requested U.J.I. 17.1. Both were refused. The record fails to reflect why the instruction was refused.

The "Committee Comment" on U.J.I. 17.1 states:

"The jury should be impressed with the seriousness of their part in the administration of justice. This instruction is a basic statement of law ordinarily applicable in all jury cases."

As we stated in Chapin v. Rogers, 80 N.M. 684, 459 P.2d 846 (Ct.App.1969) the purpose of the Order of the Supreme Court, where applicable, was to make it mandatory upon the trial court to use the U.J.I.

A refusal of a mandatory direction is reversible error.

Reversed.

It is so ordered.

SPIESS, C. J., and OMAN, J. concur.