477 P.2d 296

**Bobbie L. JEWELL, and the minors, Tommie Jewell, III, and Michelle M. Jewell, by their next friend, Bobbie L. Jewell, Petitioners,**

v.

**Leonard SEIDENBERG and Louise Geng Seidenberg, Respondents.**

**No. 9076.**

Supreme Court of New Mexico.

Nov. 16, 1970.

Adams & Vallentine, Edward P. Chase, Albuquerque, for petitioners.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Jr., Joseph E. Roehl, Leland S. Sedberry, Albuquerque, for respondents.

Willard F. Kitts, Arturo G. Ortega, William E. Snead, Smith, Ransom & Deaton, McAtee, Marchiondo & Michael, Albuquerque, Standley, Witt & Quinn, Santa Fe, amici curiae.

## OPINION

WATSON, Justice.

This case is before us on a writ of certiorari to the Court of Appeals. That

court's opinion (decided June 12, 1970), appearing at 82 N.M. 88, 475 P.2d 785 (Ct.App.1970), reversed a judgment for the plaintiff below upon the sole ground that the trial court had failed to give the mandatory New Mexico Uniform Jury Instruction 17.1, which reads:

> "Faithful performance by you of your duties is vital to the administration of justice."

Both parties had requested this instruction, and the record reflects no reason for the court's refusal to give it.

From Judge Hendley's succinct opinion, it appears that the Court of Appeals simply determined that Rule 51(1) (c) of the Rules of Civil Procedure [§ 21–1–1(51) (1) (c), N.M.S.A., 1953 (Repl.Vol. 4)], which became effective on September 1, 1966, and our Order No. 8000 Misc., adopting the Uniform Jury Instructions, made the giving of this instruction mandatory "unless under the facts or circumstances of the particular case the published Uniform Jury Instruction is erroneous or otherwise improper, and the trial court so finds and states of record its reasons." Rule 51(1) (c), supra. The opinion cites Chapin v. Rogers, 80 N.M. 684, 459 P.2d 846 (Ct. App.1969), for the proposition that where applicable the trial court *must* use the U.J.I. The opinion concludes with the holding that the refusal to give a mandatory instruction is reversible error.

It appears that of the twenty-six jurisdictions which have "pattern civil jury instructions," the highest courts of only six states (Washington, Florida, Missouri, Illinois, Arkansas, and New Mexico) have as yet officially adopted such instructions. See Pattern Jury Instructions, Am. Judicature Soc'y, Report No. 6 (1969). (Although the pamphlet just cited lists New Jersey as well, we do not include that state because its compiled instructions are used solely by the trial judges of that state as a model in drafting their own instructions.) Of these six states, Washington's

pattern instructions appear to be recommended only. See Naranen v. Harders, 1 Wash.App. 1014, 466 P.2d 521 (1970), and the implication contained in the only footnote in the dissent in Miles v. St. Regis Paper Company, 467 P.2d 307 (Wash.1970). Florida has held that their Standard Jury Instructions are not mandatory but are entitled to great respect and should be rejected only when "wholly unwarranted because of unusual circumstances." Florida East Coast Railway Co. v. McKinney, 227 So.2d 99 (Fla.App.1969). See also In re Standard Jury Instructions, 198 So.2d 319 (Fla.1967).

Neither the Missouri nor the Illinois rules, which are quoted in Chapin v. Rogers, supra, have the requirement that the trial court must state into the record its reasons for not using the uniform instructions, as does our Rule 51(1) (c), supra. The Missouri Supreme Court Rule 70.01(c), V.A. M.R., provides:

> "The giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined."

The Missouri Supreme Court has held that a deviation from a uniform instruction is presumed to be prejudicially erroneous unless it is clear no prejudice has resulted, and that the burden is on the one claiming that the error is harmless to prove nonprejudice. Gormly v. Johnson, 451 S.W.2d 45 (Mo.1970); Brown v. St. Louis Public Service Company, 421 S.W.2d 255 (Mo. 1967); Murphy v. Land, 420 S.W.2d 505 (Mo.1967). In Brannaker v. Transamerican Freight Lines, Inc., 428 S.W.2d 524 (Mo.1968), this rule of presumed prejudicial error was held to apply to the omission of a purely cautionary instruction. There, even though the parties had neither requested the instruction nor shown any prejudice, the court reversed the judgment because "it has not been made perfectly clear that no prejudice could have resulted" from the failure to give the instruction.

Although there are no provisions in the Illinois rules or pattern instructions that deviation from the applicable pattern instruction is error, the prejudicial effect of which is to be judicially determined, nevertheless, the Illinois courts reverse unless the record affirmatively shows that the error is not prejudicial. Phillips v. Lawrence, 87 Ill.App.2d 60, 230 N.E.2d 505 (1967); Shore v. Turman, 63 Ill.App.2d 315, 210 N.E.2d 232 (1965). But in Culp v. Olive, 45 Ill.App.2d 396, 195 N.E.2d 729 (1964), in discussing their pattern instructions, the court said:

"* * * Modern tendency favors a liberal application of the harmless error doctrine to instructions when it appears the rights of the complaining party have in no way been prejudiced. * * *" 195 N.E.2d at 734.

See also Logue v. Williams, 111 Ill.App.2d 327, 250 N.E.2d 159 (1969); Hitt v. Langel, 93 Ill.App.2d 386, 236 N.E.2d 118 (1968); and Garbell v. Fields, 36 Ill.App.2d 399, 184 N.E.2d 750 (1962).

The Arkansas Model Jury Instructions are mandatory and contain a provision similar to our Rule 51(1) (c), supra, requiring that an A.M.I. instruction shall be used unless the trial judge finds that it does not accurately state the law, in which event he will state his reasons for refusing the instruction. Per Curiam Order of Supreme Court of Arkansas, April 19, 1965. Arkansas has no provision, however, concerning the determination of prejudicial effect as does Missouri.

In Smith v. Alexander, 245 Ark. 567, 433 S.W.2d 157 (1968), the Arkansas court held that failure to give A.M.I. 101 was not reversible error. A.M.I. 101(a) states: "The faithful performance of your duties as jurors is essential to the administration of justice." There are five other subsections of cautionary instructions in A.M.I. 101. It should be noted that subsection (a) above is nearly identical with U.J.I. 17.1, supra. The Arkansas court said:

"* * * That instruction is an opening statement to the jury, chiefly concerned with the respective duties of judge and jury. It is designated as a cautionary instruction. The record is silent as to why the trial judge declined to give it. On the other hand there is nothing in the record to show why it should have been given. Appellant made only a general objection. Absent a record to the contrary, we assume the trial judge decided the jury need not be instructed on cautionary matters. It could have been that those same jurors had heard this instruction repeated in previous trials. Considering the state of the record, and the discretion vested in trial courts with reference to cautionary instructions, we are unable to say that reversible error was committed. We would consider it the better practice to give the instruction when requested or recite into the record the specific reasons for refusing to give it. That is because we think the instruction covers substantive matters and a refusal to give it should be an unusual exception." 433 S.W.2d at 158, 159.

It seems clear to us that Rule 51(1) (c), supra, makes the requirements of U.J.I. mandatory, and failure to give a mandatory instruction constitutes error, but, in this case, can we say that the trial court's mere failure to give U.J.I. 17.1 is *reversible error?* We find nothing in our rules, nor in the order adopting the U.J.I., nor in the U.J.I. volume itself which indicates an intent to revoke Supreme Court Rule 17 (10) [§ 21-2-1(17) (10), N.M.S.A., 1953 Comp.], which reads:

"The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect. * * *"

We have held that this rule is applicable to errors in instructions. Baros v. Kazmier-

czwk, 68 N.M. 421, 362 P.2d 798 (1961); Porter v. Ferguson-Steere Motor Company, 63 N.M. 466, 321 P.2d 1112 (1958). We have also held that failure to comply with a rule of Civil Procedure does not constitute reversible error unless prejudice is shown. Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965). We can only conclude that when this court adopted the Uniform Jury Instructions, it was intended that they would be enforced within the confines of Supreme Court Rule 17 (10), supra, and thus that every deviation from, or failure to give the applicable U.J.I. instruction, would not necessarily be reversible error.

 Thus we cannot agree that the failure to give U.J.I. 17.1, if the sole error of the trial court, would necessarily be reversible error. Unlike Missouri, we cannot conclude that by adopting U.J.I. we created a presumption of prejudice, and that the party contending that such error is harmless has the burden of so proving. By retaining Supreme Court Rule 17(10), supra, we retained the rule of long standing that the appellant has the burden of showing that he is prejudiced by an erroneous instruction. See Pino v. Beckwith, 1 N.M. 19 (1852). He must show that substantial rights have been harmed to obtain reversible error. Apodaca v. United States Fidelity & Guaranty Co., 78 N.M. 501, 433 P.2d 86 (1967). We do not correct harmless error. Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966). We agree with the holding of our Court of Appeals in Chapin v. Rogers, supra, that U.J.I. requirements are mandatory, but if any statement therein would seem to make a failure to comply with them reversible error, regardless of a showing of prejudice, it must be modified.

 By our adoption of U.J.I., together with directions as to their use and non-use, in Order No. 8000 Misc., supra, and in Rule 51, supra, we indicated that U.J.I. would be the standard in determining if a fair trial had resulted. Prior to the adoption of U.J.I., the giving of cautionary instructions was within the discretion of the trial court. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967). Unlike Arkansas, we believe that after the effective date of U.J.I., September 1, 1966, this discretion no longer existed. Chapin v. Rogers, supra. However, although the use of U.J.I. is mandatory, we did not intend to place form above substance in adopting the instructions. The standards there set forth will be our first consideration, and any deviation from them shall be held to be error. In determining whether it is reversible error, we will accept the slightest evidence of prejudice, and all doubt will be resolved in favor of the party claiming prejudice. Thus, our determination will be made by viewing the record in light of the standards we have adopted for a fair trial, rather than indulging in a presumption of prejudice if the U.J.I. is not followed.

· The record here shows that the jury was first sworn. By this solemn act they are advised of their duty to render a true verdict according to the law and the evidence submitted.

The court initially admonished the jury as follows:

"The authority thus vested in you is not an arbitrary power but must be exercised with sincere judgment, sound discretion, and in accordance with the law and evidence."

In addition, the jury was given U.J.I. 17.3, which reads:

"Instruction No. 34—You are the sole judges of all disputed questions of fact in this case. It is your duty to determine the true facts from the evidence produced here in open court. Your verdict should not be based on speculation, guess or conjecture.

"You are to apply the law as stated in these instructions to the facts as you find them, and in this way decide the case. Neither sympathy nor prejudice should influence your verdict."

Regardless of our conviction that the U.J.I. is a great contribution to civil procedure and our sincere desire to require strict adherence to the instructions and the directions contained therein, we cannot say that in this case the failure to give U.J.I. No. 17.1 prejudicially affected a substantial right of the parties.

The case is remanded to the Court of Appeals for consideration of the other points raised by the appeal to that court which were not disposed of by the opinion we have herein reversed.

It is so ordered.

TACKETT and McKENNA, JJ., and SAMUEL Z. MONTOYA, District Judge, concur.

COMPTON, Chief Justice (dissenting).

It is my considered judgment that all Uniform Jury Instructions stand on a parity, and that the failure to give any one, where applicable, constitutes reversible error where the error is preserved for review.

It was neither the purpose of the U.J.I. committee nor this court, in adopting its proposed rules, to put trial judges in strait jackets with regard to instructions. The court's action, in entering the mandatory Order 8000, was to give to the Bench and Bar a windfall—a surcease from a practice fraught with danger, drafting instructions in haste and with uncertainty.

The majority points out that the refused instruction was only cautionary. Be that as it may, it is the one the court said must be given. Chipping away of U.J.I. has now begun and will be camping at the door of the trial courts by what is being done.

The majority suggests that this court must keep one eye on our Rule 17(10) (§ 21–2–1(17) (10), N.M.S.A., 1953 Comp.) in construing U.J.I. If and when this is done, U.J.I. will have met its demise.

The majority having reached a different conclusion, I respectfully dissent.