509 P.2d 879

**Cathy L. SPECTER, Plaintiff-Appellee,**

**v.**

**Christopher F. SPECTER, Defendant-Appellant.**

**No. 9585.**

Supreme Court of New Mexico.

May 4, 1973.

Wollen & Segal, Albuquerque, for defendant-appellant.

Duhigg & Cronin, Albuquerque, for plaintiff-appellee.

## OPINION

OMAN, Justice.

The parties were formerly husband and wife. By decree entered on December 27, 1971, plaintiff was awarded a divorce from defendant and the custody of their son, who is now about four years of age. After a subsequent hearing on a motion to modify the decree as to the custody of the child, the trial court entered an order on July 26, 1972 whereby the custody of the child was again awarded to plaintiff. Defendant has appealed from this order. We affirm.

Defendant first contends the trial court erred in limiting the evidence to the period subsequent to the entry of the final decree of divorce on December 27, 1971. This contention is predicated upon the following provision in said final decree:

"That the Plaintiff is hereby awarded the care, custody and control of the minor child of the parties; however, the Defendant may reopen this matter *without showing change of circumstances.*" [Emphasis added]

We don't know why the trial court inserted this provision in the final decree or what effect it was intended to have. However, we do not agree with defendant that this gave him permission to relitigate all matters pertaining to custody which had already been litigated and decided. Contrary to plaintiff's contention that the evidence adduced at the hearing on the motion was limited to the period subsequent to December 27, 1971, considerable evidence was in fact admitted relating to the activities of the parties prior to that date. Just what else defendant may have wished to introduce into evidence he fails to mention in his brief-in-chief and he failed to mention in his oral argument before this Court. He also has failed to suggest just how he was prejudiced by the claimed limitation imposed upon him by the trial court. He relies upon his statement that he was obviously constrained and thereby greatly prejudiced. We are unable to determine the extent of any such constraint or the extent, if any, of any prejudice caused thereby. If error was in fact committed, and defendant intended to successfully rely thereon, he was obliged to demonstrate that his rights were prejudiced thereby. Apodaca v. United States Fidelity and Guaranty Co., 78 N.M. 501, 433 P.2d 86 (1967); Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966); see also Jewell v. Seidenberg, 82 N.M. 120, 477 P. 2d 296 (1970). This defendant has failed to do.

■ The child's best interests is the principal consideration of the court in initially determining a child's custody, as well as in effecting a change in custody. Stone v. Stone, 79 N.M. 351, 443 P.2d 741 (1968); Kotrola v. Kotrola, 79 N.M. 258, 442 P.2d 570 (1968). A change of custody is permissible only upon a showing of a change of circumstances. Stone v. Stone, supra; Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); Kerley v. Kerley, 69 N.M. 291, 366 P.2d 141 (1961).

■ Defendant next claims error on the part of the trial court in entering the order of July 26, 1972, which he contends was based upon a finding of fact unsupported by the evidence. The finding to which he refers was:

"That the report from the Department of Health and Social Services, which was presented to the Court on December 27, 1971, recommended that the Plaintiff receive custody of the minor child."

It is true the report does not appear in the record before us. However, the order is in no way dependent upon this finding. Some of the other findings which are either not attacked, or upon which the attack made must fail, as will be discussed hereinafter, are as follows:

"3. That the Plaintiff was awarded custody of the minor child, Abraham Specter, after a hearing by the Court on December 27, 1971; * * *

"* * * * *

"6. That the Plaintiff is the fit and proper person to have care, custody and control of Abraham Specter.

"7. That the evidence shows that the Plaintiff has taken excellent care of Abraham Specter and that said child is a happy and normal child.

"8. That the Plaintiff has shown love and affection towards the minor child and has taken care of all his needs.

"* * * * *

"10. That Abraham Specter is in excellent health and spirits, is a young bright child and shows great affection towards his mother.

"11. That Abraham Specter needs the care and companionship of his natural mother, who is well able to take care of his needs.

"* * * *

"14. That the Plaintiff has no disabilities, physical or social, which would make her unfit to care for the minor child.

"15. That the Plaintiff is best qualified to rear the minor child in a happy, normal and contented environment."

We agree that findings of fact made by a trial court must be supported by the record of the proceedings out of which the findings arise. However, erroneous findings of fact unnecessary to support the judgment of the court are not grounds for reversal. Prude v. Lewis, 78 N.M. 256, 430 P.2d 753 (1967); Garcia v. Color Tile Distributing Company, 75 N.M. 570, 408 P.2d 145 (1965); Board of County Comr's of Dona Ana County v. Little, 74 N.M. 605, 396 P.2d 591 (1964).

■ Defendant next contends the trial court erred in making findings of fact Nos. 7, 8, 10 and 11, which are quoted above. He claims the evidence fails to show plaintiff has taken excellent care of the child; the child is happy in her care; a reciprocal feeling of affection exists between her and the child; the child needs her; and she is able to take care of the child. Defendant would have this Court substitute his appraisal of the credibility of the witnesses and the evidence for the trial court's appraisal thereof. A reading of the entire record shows clearly that the findings of fact now under attack are supported by substantial evidence. They will not be disturbed.

Finally defendant urges the trial court erroneously made provisions in its order relating to visitation rights of defendant with the child which are contrary to the court's opinion. The so-called opinion of

the court was the following emphasized portions of an oral statement made by the court during the proceedings:

"I believe in this case that the child should be placed in the custody of the mother with the *right of visitation in the father for a period of two months during the summer*." [Emphasis added]

In the written order, the trial court was more explicit as to defendant's visitation rights by providing:

" * * * that while the Plaintiff is residing in Dallas, Texas, the Defendant is entitled to visitation rights during the months of July and August of each year until further order of the Court; and that at all other times the Defendant is entitled to reasonable visitation rights."

A reading of the court's entire decision, consisting of findings of fact and conclusions of law as required by Rule 52(B)(a)(1) of the Rules of Civil Procedure [§ 21–1–1(52)(B)(a)(1), N.M.S.A. 1953 (Repl.Vol. 4, 1970)], demonstrates that the foregoing quoted portion of the order concerning visitation rights is supported by this decision. Defendant recognizes that an oral opinion or statement is not a "decision" as contemplated by Rule 52(B)(a)(1), supra. Pack v. Read, 77 N. M. 76, 419 P.2d 453 (1966).

The holding in Thompson v. H. B. Zachry Co., 75 N.M. 715, 410 P.2d 740 (1966), upon which defendant relies and which was based upon the failure of the trial court to make essential findings of all necessary ultimate facts as required by Rule 52(B)(a)(2) of the Rules of Civil Procedure [§ 21–1–1(52)(B)(a)(2), N.M.S.A. 1953 (Repl.Vol. 4, 1970)], is not applicable here.

Plaintiff has requested an award of attorney's fees on this appeal. We award her the sum of $500.00 for this purpose.

The order appealed from should be affirmed.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.