Genevieve AUBUCHON, Plaintiff-Appellant,

v.

John P. LaPLANT, Administrator of the Estate of LeRoy J. LaPlant, Deceased, Defendant-Respondent.

No. 53006.

Supreme Court of Missouri, Division No. 2.

Dec. 31, 1968.

H. L. C. Weier, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for appellant.

Charles E. Gray, Gray & Friedman, St. Louis, for respondent.

FINCH, Presiding Judge.

Plaintiff, mother of a deceased unmarried minor, brought a wrongful death action for $25,000 under § 537.080, V.A.

M.S.,[1] for the benefit of herself and her husband, who did not join in the suit. A jury found for plaintiff and awarded her $5,000 damages. Plaintiff filed a motion for new trial claiming that the verdict was so inadequate as to indicate bias and prejudice on the part of the jury. The trial court overruled the motion and plaintiff appealed. We have jurisdiction because the amount in dispute is $20,000, the difference in the amount of the verdict obtained and the amount claimed by plaintiff. Jack L. Baker Companies, Inc. v. Pasley Manufacturing and Distributing Company, Mo., 413 S.W.2d 268. We affirm.

The evidence disclosed that Drew Aubuchon, the deceased, was 18 years of age at the time of his death. He was an industrious, likeable boy. He started selling newspapers at 10 years of age, and thereafter had a succession of jobs in stores and filling stations. At the time of his death he was working at Alpha Portland Cement Company. He had saved his money and had accumulated $1,095.85 in a savings account at the time of his death. Two of his employers testified as to his ability and willingness to work.

Drew had completed high school, where he was an "A Track" student, had a high I.Q. and had made satisfactory grades. He had attended junior college in the year of his death. He attained the rank of Eagle Scout in Boy Scout work. He lived with his parents, although it was developed in the testimony that at the time of his death he was staying with a brother because of a disagreement with his father and mother about staying out later than midnight.

■ The jury has an extraordinarily wide discretion in determining the amount of recovery under § 537.090, RSMo 1959, V.A.M.S., in wrongful death cases. Domijan v. Harp, Mo., 340 S.W.2d 728; Combs v. Combs, Mo., 284 S.W.2d 423. Plaintiff

recognizes this fact but nevertheless insists that the verdict of $5,000 is so inadequate as to indicate bias and prejudice on the part of the jury. Plaintiff, in attempting to support this assignment, cites cases in which appellate courts of this state have approved verdicts for larger sums for the death of minor children. She says those were cases where the earning power of deceased minor was very similar. This court very possibly might have affirmed a larger verdict in this case, if such had been rendered, but as this court said in Combs v. Combs, Mo., supra, l. c. 427, "Neither is the fact that the recovery of a larger amount might have been sustained by a trial or an appellate court determinative here."

■ The trial court overruled plaintiff's motion for new trial predicated on inadequacy of the verdict, and we consider the evidence and inferences therefrom in the light most favorable to the verdict which the trial court let stand. Glore v. Bone, Mo., 324 S.W.2d 633. The rule here applicable was stated in Vogrin v. Forum Cafeterias of America, Mo., 308 S.W.2d 617, 622, as follows: "As to inadequacy of damages, the rule is that the jury's discretion is conclusive on appeal unless the verdict is so grossly or shockingly inadequate as to indicate that their discretion has been arbitrarily exercised and abused or is the result of passion and prejudice. Wilhelm v. Kansas City Public Service Co., 358 Mo. 6, 212 S.W.2d 915; Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469; Roush v. Alkire Truck Lines, Mo. Sup., 245 S.W.2d 8." We find nothing to cause us to hold that the verdict was grossly or shockingly inadequate, and this assignment of plaintiff is overruled.

Plaintiff's other contention is that she should have a new trial for the reason that defendant gave two converse instructions to plaintiff's single verdict directing instruction, contrary to the "Notes on Use" under MAI 29.02 et seq., that "Defendant

---

1. This section was amended in 1955, see Laws 1955, p. 778, § 1, and again in 1967, see Laws 1967, p. ——, Senate Bill No. 187, § 1.

may give only *one* converse for each verdict directing instruction."

Plaintiff's sole verdict directing instruction (conforming to MAI 20.01), was Instruction No. 3, which was as follows:

## INSTRUCTION NO. 3

"Your verdict must be for plaintiff if you believe:

"First, plaintiff was the mother of Drew Francis Aubuchon who at the time of his death was single, not the parent of any children and was survived by his parents Genevieve Aubuchon and George Aubuchon, and

"Second, LeRoy J. LaPlant was the driver of an automobile and Drew Francis Aubuchon was a passenger therein, and

"Third, the automobile left the travelled portion of the highway, and overturned, and

"Fourth, such movement of the automobile was the direct result of LeRoy J. LaPlant's negligence, and

"Fifth, as a direct result of such negligence, Drew Francis Aubuchon died."

At defendant's request, the court gave a permissible converse instruction, conforming to MAI 29.02(2), as follows:

## INSTRUCTION NO. 5

"Your verdict must be for defendant if you do not believe that LeRoy J. LaPlant was negligent as submitted in Instruction No. 3."

The court gave the prescribed measure of damage instruction for death of a minor child (MAI 5.03). It was as follows:

## INSTRUCTION NO. 6

"If you find in favor of the plaintiff, then you must award her such sum as you believe will fairly and justly compensate Genevieve Aubuchon and George Aubuchon for the damages which you believe they sustained as a direct result of the death of their child and which can reasonably be measured in money.

"In assessing the damages you may take into consideration any aggravating circumstances attendant upon the fatal injury."

In addition, defendant tendered and the court gave Instruction No. 7 (MAI 29.02 (4)), as follows:

## INSTRUCTION NO. 7

"Your verdict must be for defendant if you do not believe plaintiff sustained damages as a direct result of the negligence of LeRoy J. LaPlant as submitted in Instruction No. 3."

■ Plaintiff gave only one verdict directing instruction and it is clear that defendant was entitled to only one converse instruction. Nugent v. Hamilton & Sons, Inc., Mo., 417 S.W.2d 939; Murphy v. Land, Mo., 420 S.W.2d 505, and "Notes on Use," MAI 29.02 et seq. Plaintiff asserts that defendant gave two converse instructions, Nos. 5 and 7, conforming to converse instructions MAI 29.02(2) and 29.02 (4), thereby committing error which is claimed to be reversible. Defendant's response is that Instruction No. 7 converses only Instruction No. 6, plaintiff's measure of damage instruction, and that the giving of No. 7 did not violate the "Notes on Use" of MAI or the Nugent or Murphy cases.

■ Actually, MAI does not contemplate conversing measure of damage instructions. The usual measure of damage instruction is MAI 4.01. No converse thereto is provided. The same is true regarding wrongful death measure of damage instructions which are set out in MAI 5.01 through 5.09. The nearest thing to a converse is MAI 6.01, which permits the jury to consider mitigating circumstances where the evi-

dence justifies, but that actually is not a converse.

An analysis of Instruction No. 7 discloses that it does not really converse Instruction No. 6. Instead, it converses the issue of whether plaintiff sustained damage as a direct result of defendant's negligence. It tells the jury to find for defendant if it does not believe that plaintiff sustained damages as a direct result of negligence of defendant as submitted in Instruction No. 3. This clearly appears to be MAI 29.02(4), which is a converse of causation. However, even if Instruction No. 7 be construed as a converse of damages, as defendant contends, it is clear that it did not converse Instruction No. 6 because the latter did not submit to the jury the issue of whether plaintiff sustained damage. Rather, it starts on the premise of a verdict for plaintiff and is applicable only if and when the jury has decided to find for plaintiff. It tells them how to arrive at the amount of damages if they find in favor of plaintiff.

■ In personal injury actions arising out of the operation of motor vehicles it is possible for a defendant to converse the issue of whether plaintiff sustained damage. This necessarily is true because the verdict directing instructions in such cases require, as one condition for a plaintiff's verdict, a finding by the jury that plaintiff suffered damage as a direct result of defendant's negligence. See MAI 17.01 et seq. However, in such cases a defendant may have only one converse for each verdict directing instruction. He may converse negligence or causation or the sustaining of damage alone, or he may converse more than one essential element of plaintiff's case. See, for example, MAI 29.02 and the various alternatives provided. It is perfectly clear from these examples and notes and those set out in MAI 29.01 et seq., that it is not permissible to give one

converse on negligence and another on damages or causation to a single verdict directing instruction in a personal injury case. Hence, defendant would not have been entitled to both Instructions Nos. 5 and 7 if this had been a suit for personal injuries instead of one for wrongful death.

■ In wrongful death actions, unlike suits for personal injuries, the issue of whether plaintiff has proved pecuniary loss (damages) is not hypothesized in plaintiff's verdict directing instructions. See MAI 20.01 and 20.02. The reason for this, as set out in the Committee's Comment to MAI 20.01, is that nominal damages may be recovered in such a case as this even though actual damage is not sustained. That Comment cites Stroud v. Masek, Mo., 262 S.W. 2d 47, which involved an action by a wife for death of her husband. The trial court had directed a verdict for defendant on the basis that there was a total lack of pecuniary loss. This court reversed and remanded for a new trial, holding that nominal damages would be implied. The same would be true in a suit by parents for death of a minor, the law presuming the life of a minor child to be of value to his parents. Parsons v. Missouri Pac. Ry. Co., 94 Mo. 286, 6 S.W. 464.[2] Since this is true and the issue of damages is not hypothesized, it would be inappropriate to tell the jury that their verdict must be for defendant if they do not find that plaintiff sustained damages. Accordingly, MAI makes no provision for conversing the question of whether plaintiff sustained damage in wrongful death actions such as this one. It necessarily follows that the giving of Instruction No. 7 was error regardless of whether we treat it as a converse of causation, as it appears to. be, or a converse of whether damage was sustained, as defendant contends.

■ Under Rule 70.01(c), V.A.M.R., the giving of an instruction in violation of the

---

**2.** It should be noted that this rule was not extended in Acton v. Shields, Mo., 386 S.W.2d 363, to a case involving an effort by collateral heirs to collect for death of an unborn minor.

provisions of MAI constitutes error, the prejudicial effect of which we are to judicially determine. Under our decisions in Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, and Murphy v. Land, supra, 420 S.W.2d 1. c. 507, the deviation from the course prescribed in MAI "will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted".

We have determined and hold that it is perfectly clear that the giving of Instruction No. 7, though erroneous, was not prejudicial to plaintiff. It told the jury that their verdict must be for the defendant if they did not believe that plaintiff sustained damages as a result of the negligence of defendant's decedent LaPlant. Obviously, the jury did not determine defendant's liability on the basis of Instruction No. 7 and was not influenced thereby because it rendered a verdict for the plaintiff against defendant LaPlant for $5,000. Consequently, the situation is distinguishable from that which this court considered in the Murphy, Nugent and Brown cases. In Murphy the defendant gave multiple converse instructions and the jury returned a verdict for the defendant. We held that it was not made perfectly clear that the multiple converse instructions contrary to MAI did not contribute to the defendant's verdict. Likewise, in Nugent the court gave multiple converse instructions and there was a defendant's verdict. In Brown there were not multiple converse instructions but the word "direct" preceding damages was left out of the MAI instruction, thereby permitting the jury to consider all damages, whether resulting directly or indirectly from the occurrence. It was not made perfectly clear in that case that the amount of the verdict was not affected by the omission in the instruction with respect to damages to be considered.

It appearing in this case that the giving of Instruction No. 7 did not result in a defendant's verdict and did not prejudice plaintiff, we hold that under the particular facts of this case the giving of that instruction by defendant does not entitle plaintiff to a new trial.

The judgment is affirmed.

DONNELLY, EAGER and HOLMAN, JJ., concur.