**CITY OF GLADSTONE, Missouri,
Respondent,**

v.

**Dorothy Van Doren HAMILTON,
Appellant.**

**No. 25444.**

Kansas City Court of Appeals,
Missouri.

Feb. 1, 1971.

Milton Sam Broome, Broome & Conkling, Kansas City, for appellant.

Shook, Hardy, Ottman, Mitchell & Bacon, Robert K. Waldo, Kansas City, for respondent.

DIXON, Commissioner.

This case of condemnation by the City of Gladstone for sewer easements resulted in a verdict of no damages in the Circuit Court trial. Appellant landowner (who was sued originally under her former name, Dorothy Van Doren Rider,) appeals claiming error in the refusal of offered testimony and improper instruction on the issue of damages. We reverse and remand for new trial.

Our holding is upon the basis of error in the instruction, and a short statement of the pleadings and evidence is necessary.

Plaintiff, a third class city, based its action upon the statutes relative to a taking for sewer purposes under Chapter 88, V. A.M.S. The proceedings do not follow this chapter of the statutes, but present a condemnation under the general condemnation statutes.[1] The taking in this case involved two easements. Defendant's property was a lot which is dimensioned 121 feet by 141 feet. The first easement was contiguous to and extended by an additional 10 feet, an existing easement, across the "back" of the lot. The second of these easements ran diagonally from the "back" of defendant's land to its frontage on Antioch Road.

This latter easement, likewise 10 feet in width and 138 feet in length, was for a "trunk line sewer." Sewage for a large part of plaintiff city was carried in this trunk line to a connection with "Kansas City's Sewer." This trunk line sewer paralleled a creek or draw which had previously existed.

Defendant offered her own opinion evidence that the before and after values of the property showed damages in the amount of $9,000. On cross examination, plaintiff vigorously attacked this opinion both as to substance and credibility.

Plaintiff's evidence consisted of a real estate expert and two engineers. Plaintiff never succeeded in obtaining any opinion evidence concerning value from its real estate expert, the defendant successfully interposing objections to all such questions. The testimony of the engineers established that the installation of the sewers was accomplished. A highway engineer offered evidence for plaintiff that defendant had given an easement for road drainage purposes sometime after the City's easement and that the work under the road easement had caused some of the damage to trees and change in grade upon which plaintiff

---

1. Portions of the proceedings below which demonstrate this are: The order of condemnation does not comply with Section 88.023, V.A.M.S. The Commissioners did not comply with Section 88.027, V.A. M.S., as to notice and the award does not comply with Section 88.030, V.A.M.S.

relied to support her opinion as to loss of value after the City's taking.

The court then gave instruction No. 4 which was MAI 9.02 and MAI 33.03(3) modified which was given as instruction No. 6. It is here set out in full:

"INSTRUCTION NO. 6

Your verdict must be for plaintiff City of Gladstone if you do not believe the defendants have been damaged."

Appellant contends that instruction No. 6, set forth above, was improper because all the evidence showed the defendant was damaged and that a converse should not have been allowed.

Respondent city justifies this instruction by contending that the record presented "substantial" evidence "to rebut" any evidence of value presented by defendant. City says its theory was "no damages", that it "rebutted" plaintiff's claim to "damages" and therefore was entitled to present its theory in this form of a "converse instruction" on damages.

Thus, both appellant and respondent adopt the theory that the quoted instruction constituted a converse to the damage instruction, No. 4, given by the court.

Neither of these positions is valid because they both rest upon the erroneous assumption that MAI 33.02(3) constitutes a converse to the measure of *damage* instruction whenever given.

This is not so. MAI does not provide for a converse of a measure of damage instruction either in a personal injury case or in a condemnation case as here. MAI 33.02 and its subparts instruct us in the conversing of verdict directing instructions. To the extent that 33.02(3) refers to damages, it refers to that portion of the plaintiff's verdict directing instruction which requires the jury to find plaintiff sustained damage as a direct result of the defendant's negligence.

This distinction is clearly drawn by Judge Finch in Aubuchon v. LaPlant, Mo., 435 S.W.2d 648. This opinion is instructive on the issues here presented because it demonstrates, in connection with a wrongful death action, the precise point here involved.

The court was considering a claim of error by plaintiff who recovered a $5,000 verdict under the wrongful death act. Plaintiff asserted error on the ground of multiple converse instructions.

Instructions were given which directed a verdict for the defendant if the jury did not believe the defendant was negligent, and a separate instruction to find for the defendant if they did not believe the plaintiff sustained "damages" as a "direct result of the negligence" of defendant.

The opinion says that it is clear that defendant was entitled to only one converse instruction citing Nugent v. Hamilton, & Son, Inc., Mo., 417 S.W.2d 939, and Murphy v. Land, Mo., 420 S.W.2d 505.

Defendant attempted to justify the use of the second instruction as being a converse of the plaintiff's measure of damages instruction. The court then held that no provision was made under MAI for the conversing of a measure of damages instruction, pointing out that in a wrongful death action, damages are not hypothesized in plaintiff's verdict directing instruction under either MAI 20.01 to 20.02. The reason being that nominal damages are presumed in such a case even though actual damage is not sustained.

The court goes on to say therefore:

"In wrongful death actions, unlike suits for personal injuries, the issue of whether plaintiff has proved pecuniary loss (damages) is not hypothesized in plaintiff's verdict directing instructions. See MAI 20.01 and 20.02. The reason for this, as set out in the Committee's Com-

ment to MAI 20.01, is that nominal damages may be recovered in such a case as this even though actual damage is not sustained. That comment cites Stroud v. Masek, Mo., 262 S.W.2d 47, which involved an action by a wife for death of her husband. * * * Since this is true and the issue of damages is not hypothesized, it would be inappropriate to tell the jury that their verdict must be for defendant if they do not find that plaintiff sustained damages. Accordingly, MAI makes no provision for conversing the question of whether plaintiff sustained damage in wrongful death actions such as this one. It necessarily follows that the giving of Instruction No. 7 was error regardless of whether we treat it as a converse of causation, as it appears to be, or a converse of whether damage was sustained, as defendant contends." 435 S.W.2d 1. c. 652.

The case was not reversed, the court finding because of the plaintiff's recovery that the giving of instruction No. 7 did not prejudice the plaintiff.

By analogy the reasoning of Aubuchon, supra, is applicable here. MAI directs that the appropriate verdict directing instruction in an eminent domain case where only a portion of the land is taken is instruction 9.02, and this has been judicially affirmed in State ex rel. Kansas City Power & Light Co. v. Campbell, Mo.App., 433 S.W. 2d 606. The notes on use to MAI 9.02 provide that where evidence is offered that no damage from the taking results, instruction 31.05 *must also* be given. Illustration at 35.09 demonstrates the use of this instruction. No place does MAI suggest that the issue of damages should be directly *conversed,* and this properly so, since it has long been established in our law that any taking implies some damage. State ex rel. State Highway Commission v. Cady, Mo.App., 372 S.W.2d 639, 1.c. 640–641. The only time when a jury may arrive at a plaintiff's verdict in a condemnation case is in those peculiar circumstances where

the special benefits outweigh any damages from the taking or the use to which the property is put. Even in those cases, no converse on the issue of damages is shown by direction or illustration in MAI. The jury having received its instruction as to these matters from instruction 9.02 and instruction 31.05 which is required when evidence is offered of *no damage* to the owner. The comment to section 9.02 also points out that the question of special benefits in the ordinary condemnation case is to be handled by way of argument and not by special instructions.

■ The parties tried this case upon a general condemnation theory and not under the specific statutes relating to third class cities. Statutory authority relating to such cities provides for the admeasurement of special benefits and their relationship to damages. What has been said thus far with respect to instructions might not be applicable if the parties had pursued this action under such statutes. Cf. Kansas City v. Cone, Mo.App., 433 S.W.2d 88, 1.c. 94.

What has been said demonstrates that instruction No. 6 should not have been given by the trial court for it is plainly contrary to the plan provided by MAI, the clear directions of which must be followed where applicable. Brown v. St. Louis Public Service Company, Mo., 421 S.W.2d 255.

Under rule 70.01(c) V.A.M.R., the giving of an instruction in violation of the provisions of MAI constitutes error, the prejudicial effect of which must be judicially determined. Murphy v. Land, supra.

In the specific instance of this submission, we hold that the giving of this instruction constituted prejudicial error. This by reason of a plaintiff's verdict where no evidence was presented by the plaintiff city which would justify a finding of no damages upon the theory of special benefits.

It might well be questioned whether under the circumstances of this case instruc-

tion 31.05 should have been given at all because there is no direct evidence by the plaintiff city that the defendant sustained *no damages.* That question is not before us, and we do not rule it; but since the case must be retried, we mention it for consideration by the court and the parties.

The parties raise evidentiary matters which may not arise in another trial and which are not ruled here.

The cause is reversed and remanded for a new trial.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.