**Diane LIMBOCKER, Plaintiff-Appellant,**

v.

**FORD MOTOR COMPANY,
Defendant-Respondent.**

**No. WD 31198.**

Missouri Court of Appeals,
Western District.

May 4, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Robert L. Shirkey, Kansas City, for plaintiff-appellant.

William L. Yocum, Kansas City, for defendant-respondent; Shughart, Thomson & Kilroy, Kansas City, of counsel.

Before MANFORD, P. J., WASSERSTROM, C. J., and NUGENT, J.

NUGENT, Judge.

This is an appeal by Diane Limbocker, plaintiff, from a judgment entered on May 11, 1979, in her suit for the wrongful death of her husband. A jury found for Ford Motor Company, defendant. Plaintiff's motion for a new trial was overruled on August 20, 1979. We affirm the judgment.

Devere F. Limbocker was killed on August 3, 1973, in the course of his employment at the Missouri State Highway Department when the 1964 Ford tractor he was operating to mow grass along Highway I–435 North overturned trapping him beneath. The tractor was not equipped with roll-over equipment or safety harness. Thereafter, Mrs. Limbocker filed her wrongful death action based on a products liability theory against Ford Motor Company as manufacturer of the tractor.

According to the evidence, Mr. Limbocker was mowing at the top of an embankment when the tractor overturned. Two witnesses, also employees of the Missouri State Highway Department, testified that the deceased had received instructions warning him to avoid mowing that slope because it was too steep.

Dr. Donald L. Creighton, plaintiff's expert from the University of Missouri Mechanical and Aerospace Engineering Department, was of the opinion that the tractor overturned because it became unstable when the center of gravity moved over the line of the wheels on the right side. He testified that the tractor was dangerous and not reasonably safe for the purpose for which it was being used at the time of the accident.

To eliminate the dangerous and defective condition Dr. Creighton thought that the tractor should have been equipped with a roll-over protective structure and a slope indicator to let the operator know the type of grade on which he was operating. He further testified that in 1959 Sweden passed a law that all tractors must provide a roll-over protective structure, that as of the date of the accident, Ford provided a roll-over protection structure as optional equipment for different Ford tractors and that a roll-over protective structure with seat belts would have prevented Mr. Limbocker's death. Dr. Creighton believed that although the warning in the operators' manual regarding use of the tractor on steep grades was inadequate in defining a "steep grade", nevertheless it should have been placed on the tractor.

John H. Zich, a retired engineer from Ford Motor Company, was defendant's expert witness. He testified over objection that there was nothing in the Swedish law from 1959 to the present which required seat belt restraint systems on tractors. He stated that safety devices to determine slope were not available on the market. Mr. Zich's expert opinion was, that had the tractor operated by the decedent been equipped with a Swedish roll bar, it would not have prevented his death because the roll bar would have collapsed in this situation.

Plaintiff relies on four points on her appeal, three of which relate to Instruction No. 7, defendant's proffered affirmative defense instruction. The last point relates to the testimony of Zich, Ford's expert witness.

Instruction No. 7 is:

Your verdict must be for Defendant if you believe:

First, when the tractor was used, Devere Limbocker knew the danger as submitted in Instruction No. 2 and 4 and appreciated the danger of its use, and

Second, Devere Limbocker voluntarily and unreasonably exposed himself to such danger, and

Third, such conduct directly caused or directly contributed to cause any damage Plaintiff may have sustained.

(MAI 32.23

Submitted by Defendant) (Given. A.C.R.)

■ Plaintiff first objects to paragraph "Third" of this instruction declaring that it erroneously converses the element of damages in a wrongful death action. Since in wrongful death actions nominal damages may be recovered even though actual damages are not sustained, *Aubuchon v. La-Plant,* 435 S.W.2d 648 (Mo.1968), plaintiff contends that this instruction is prejudicially erroneous in that it allows the jury to speculate on the damages she may have sustained rather than the issue of the cause of Mr. Limbocker's death.

A similar argument was made in *O'Dell, et al., v. Whitworth,* 618 S.W.2d 681 decided today by another division of this court. In that case, a wrongful death action based on a res ipsa loquitur theory, the plaintiffs contended that the defendant's contributory negligence verdict director was "tantamount to a converse instruction of damages, and thereby erroneous because the parents of a deceased minor child are presumed to have sustained a pecuniary loss." The court held (at 684):

This ingeniously conceived argument is not persuasive and fails for a number of reasons. The complained of language is not susceptible of being construed as a converse instruction of damages. Simply put, it did not purport to instruct the jury to find for defendant "if you do not believe" or "unless you believe" that the

parents sustained damages. Fairly construed, it told the jury that their verdict must be for defendant if they found that decedent was guilty of negligence as submitted and that such negligence of decedent directly caused or contributed to cause any damage the parents may have sustained. So construed, the complained of language submitted causation as opposed to being a converse instruction of damages.

■ The plaintiff also contends prejudicial error resulted from the giving of this instruction in that the word "of" was omitted after the word "knew" in the third line of the instruction. Although the instruction was not technically perfect, this error is not prejudicially erroneous. Our Supreme Court in *Stahlheber v. American Cyanamid Co.*, 451 S.W.2d 48 (Mo.1970), found that the use of "there" instead of "thereby" was not so misleading that the jury would not have understood the instruction. "The test is not absolute perfection, but whether the instruction was 'substantially correct'." *Id.* at 62. We conclude that this instruction was substantially correct.

■ The plaintiff next claims prejudicial error in Instruction No. 8:

### INSTRUCTION NO. 8

The burden is upon Plaintiff to cause you to believe the propositions necessary to support her claim against Defendant. The burden is upon Defendant to cause you to believe the propositions necessary to support its defense that Devere Limbocker was contributorily at fault as submitted in Instruction No. 7. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted or if you are unable to form a belief as to any such proposition, then you cannot return a verdict requiring belief of that proposition. (MAI 3.01

Submitted by Defendant) (Given. A.C.R.)

According to plaintiff the phrase "contributorily at fault as submitted in Instruction No. 7" misleads the jury, conflicts with Instruction No. 7, and gives the jury permission to find anything it desires to constitute "contributorily at fault".

■ In a products liability action contributory fault is the proper term to apply to the affirmative defense. *Keener v. Dayton Electric Mfg. Co.*, 445 S.W.2d 362, 365 (Mo.1969). Although "terms of art included in instructions must be defined to be fully understood by a jury", *Koehler v. Burlington Northern, Inc.*, 573 S.W.2d 938, 944 (Mo. App.1978), the term "contributorily at fault" was adequately defined in Instruction No. 7, which advised the jury that voluntary and unreasonable exposure by Mr. Limbocker of himself to a known and appreciated danger constituted contributory fault. Because all instructions must be considered together, *Jefferson v. Biggar*, 416 S.W.2d 933, 939 (Mo.1967), no error appears in the giving of Instruction No. 8.

■ In her last point Mrs. Limbocker challenges the competence of Zich, Ford's expert witness, to testify regarding rollover protective structure requirements of Swedish law. Zich's testimony was in response to the testimony of plaintiff's expert witness who offered evidence that Sweden had required roll-over protection systems since 1959.

In *Superior Ice & Coal Co. v. Belger Cartage Service, Inc.*, 337 S.W.2d 897 (1960), Missouri's Supreme Court held at 906 that, ". . . the admission or exclusion of expert testimony is a matter largely within the discretion of the trial court and the exercise of that discretion will not be interfered with unless it plainly appears that such had been abused." The transcript reveals that Zich was the standards and technical data engineer and government regulations manager for Ford Motor Company from 1962 to 1978. He represented the United States Department of Commerce at meetings of the European Organization of Cooperation & Economic Development. Zich specifically

worked with safety standards on farm machinery with various governmental units and made trips to Sweden to meet with people there who had developed the safety frame. Through that work he became familiar with Swedish law. In view of his knowledge and experience, the trial court did not abuse its discretion in receiving Zich's testimony.

For the foregoing reasons, the judgment is affirmed.

All concur.